658 N.W.2d 468 (2003)
Lynette BURNS, Plaintiff-Appellant and Cross-Appellee,
v.
CITY OF DETROIT, a Municipal Corporation; Dereck Hicks, Individually and in his Official Capacity; Terrence Hill, Individually and in his Official Capacity; and Darryl Hopson, Individually and in his Official Capacity, Jointly and Severally, Defendants-Appellees and Cross-Appellants.
Docket No. 118381, COA No. 213029.
Supreme Court of Michigan.
April 2, 2003.
On January 11, 2002, we remanded this case to the Court of Appeals for consideration of whether the remarks that supported the "hostile environment" sexual harassment claims cannot form the basis for liability because they are protected speech under U.S. Const., Am. I, and Const. 1963, art. 1, § 5, and because basing a finding of liability on such remarks would raise vagueness and overbreadth concerns under the same constitutional provisions. On November 5, 2002, the Court of Appeals issued its opinion on remand.
On order of the Court, the application for leave to appeal and the application for leave to appeal as cross-appellants from the October 31, 2000, decision of the Court of Appeals, as well as the Court of Appeals opinion on remand, are considered, and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we MODIFY the Court of Appeals judgment to provide that the new trial shall be on all issues, rather than limited to damages. New trials limited to damages are disfavored, Garrigan v. La Salle Coca-Cola Bottling Co., 373 Mich. 485, 489, 129 N.W.2d 897 (1964), and normally ordered only when liability is clear. Bias v. Ausbury, 369 Mich. 378, 383, 120 N.W.2d 233 (1963). As the Court of Appeals said, the evidence on the employment discrimination question was "nearly evenly balanced." Further, a new trial limited to damages would require the introduction of virtually all the evidence relevant to the liability issues, so that there will be no judicial economy in limiting the jury's consideration to the damages issue. See Kistler v. Wagoner, 315 Mich. 162, 173-175, 23 N.W.2d 387 (1946).
In all other respects, including the issues considered by the Court of appeals on remand, leave to appeal is DENIED.
WEAVER, J., dissenting in part, states:
I dissent in part from the majority's order, as I would not modify the Court of *469 Appeals judgment. I would affirm the judgment because in this case the Court of Appeals made the correct decision in upholding the jury's finding of sexual harassment and in remanding to the trial court for a new trial only on the amount of damages.
KELLY, J., joins in the dissent and statement of WEAVER, J.
CAVANAGH, J., would grant leave to appeal.