TINGLEY v KORTZ

Docket No. 245974. Submitted March 2, 2004, at Grand Rapids. Decided
    June 24, 2004, at 9:05 A.M.
    William Q. Tingley, III, had brought two prior actions on behalf of
        himself and others in the Kent Circuit Court against 900 Monroe,
        L.L.C.; Dykema Excavators, Inc.; and others. The court, H. David
        Soet, J., in one of those cases entered an order granting summary
        disposition in favor of the defendants. In the order, the court also
        indicated that before the plaintiff could file additional in propria
        persona litigation in the case or in future litigation, the chief
        judge of the court was to make a determination whether to accept
        such filing. The plaintiff filed the instant action in propria
        persona but the clerk of the court did not refer the filing to the
        chief judge before accepting the filing. The case was assigned to
        Dennis B. Lieber, J. Defendant Dykema Excavators moved for
        dismissal and sanctions on the basis that the plaintiff failed to
        comply with the court's order in the earlier case. The remaining
        defendants filed concurrences and also argued that the plaintiff
        lacked standing to sue, that another suit involving the same
        parties and issues had already been initiated, and that the
        plaintiff's claims were barred by res judicata. The motions were
        heard by Robert A. Benson, J., who declined to rule on them and
        instead referred the matter to the chief judge pursuant to the
        earlier order. The chief judge, George S. Buth, found that the
        instant action violated the earlier order, dismissed the plaintiff's
        case with prejudice, and awarded sanctions, costs, and attorney
        fees to the defendants. The plaintiff appealed.

    The Court of Appeals held:

    1. The chief judge erred by entering substantive and disposi-
tive orders in a case not assigned to him. The issuance of
substantive and dispositive orders are not exercises of broad
administrative authority possessed by the chief judge, and there-
fore, absent a proper reassignment order under MCR 8.111, the
case remained assigned to Judge Lieber. The orders issued by the
chief judge must be reversed and the case must be remanded to
the circuit court to consider substantive motions filed by the

defendants and to conduct such other proceedings as are consistent with this opinion.

2. The order of the circuit court filed in a prior case that purports to prohibit the plaintiff from filing additional actions without the approval of the chief judge has no authority in subsequent proceedings and is void in this case. The judicial power possessed by a circuit court consists of the power to decide issues affecting the parties only in the case before the court.

Reversed and remanded.

METER, J., dissenting, stated that the plaintiff failed to raise the issue decided by the majority either in the circuit court or on appeal. The Court of Appeals generally reviews issues raised on appeal for the first time where exigent circumstances exist. No exigent circumstances are present here. The plaintiff also acquiesced in the chief judge's resolving the merits of the instant lawsuit. The plaintiff filed a "Request for Determination" with the chief judge. In that request the plaintiff specifically sought the chief judge's review of the complaint to determine if it was frivolous. The majority's resolution of this appeal in favor of the plaintiff essentially permits the harboring of error as an appellate parachute, a tactic that has been disallowed by the Court of Appeals. The decision of the circuit court should be affirmed.

William Q. Tingley, III, in propria persona.

*Fisher & Dickinson, P.C.* (by *Todd R. Dickinson*), for Ward A. Kortz.

*Daniel A. Ophoff*, Assistant City Attorney, for city of Grand Rapids.

*Dickinson Wright, PLLC* (by *Rock A. Wood* and *Edward P. Perdue*), for Dickinson Wright, P.L.L.C.

*Schenk, Boncher & Rypma* (by *Gary P. Schenk*) for Dykema Excavators, Inc.

*Dykema Gossett, PLLC* (by *John A. Ferroli and Mark D. van der Laan*), for Fifth Third Bancorp.

*Law, Weathers & Richardson, P.C.* (by *David W. Centner*), for Superior Environmental Corporation.

Before: METER, P.J., and WILDER and BORRELLO, JJ.

WILDER, J. Plaintiff, William Q. Tingley, III, appeals by right the order dismissing his claims under the hazardous waste management act, MCL 324.11101 *et seq.*, and granting sanctions to defendants. We reverse.

I

This action stems from a property dispute involving an abandoned street in Grand Rapids. In one of two prior actions involving the parties, the trial court[1] entered an order granting summary disposition in favor of the defendants named in an amended complaint filed in propria persona by plaintiff and two other individuals, William Q. Tingley and Daniel R. Bradley. The order granting summary disposition also provided: "IT IS ORDERED that should William Q. Tingley III file additional *in propria persona* litigation or other litigation acting as counsel[,] the Clerk of the Court shall refer it to the Chief Judge who may make a determination as to whether such litigation shall be accepted for filing." The order entered by the trial court did not specifically articulate why plaintiff would be required to obtain approval from the chief judge before initiating any additional litigation. Nevertheless, it is apparent from the substance of the opinion rendered from the bench by the trial court during the July 19, 2002, hearing, from which the order is derived, that the intent of the restrictive provisions of the order was to prevent plaintiff from engaging in the unauthorized practice of law.[2]

---

[1] The Honorable H. David Soet.

[2] In the initial complaint and throughout the proceedings in the prior action, plaintiff, who is not a licensed attorney, had unlawfully purported to represent three corporations in which the individual plaintiffs were corporate officers.

Plaintiff filed the instant action in propria persona on September 25, 2002. Plaintiff did not bring the July 2002 order to the clerk's attention and the clerk, if otherwise aware of the order, did not refer the instant action to the chief judge before accepting the complaint for filing. In the complaint, plaintiff alleged that defendants violated and conspired to violate the hazardous waste management act, MCL 324.11101 *et seq.*, by disposing of contaminated soil from the Berkey and Gay site at the Grand Rapids Water Filtration plant. Plaintiff asserted these claims against several parties sued in the prior action 900 Monroe, L.L.C.; 940 Monroe, L.L.C.; Dickinson Wright, P.L.L.C.; Dykema Excavators, Inc.; Fifth Third Bancorp; Pioneer, Inc.; the city of Grand Rapids; Ward A. Kortz, a driver employed by defendant Pioneer, Inc.; and Superior Environmental, a company hired to manage removal of hazardous waste from the Berkey and Gay site.

On October 3, 2002, defendant Dykema Excavators, Inc. (Dykema), moved for dismissal of plaintiff's complaint on the basis that plaintiff had filed the summons and complaint without first referring the matter to the chief judge of the circuit court, contrary to the order in the prior action. Dykema also requested an award of sanctions against plaintiff. Defendant Dickinson Wright concurred in Dykema's motions and further asserted that res judicata barred plaintiff's suit. Defendants Kortz, 900 Monroe, L.L.C.; 940 Monroe, L.L.C.; and Pioneer, Inc., moved to dismiss plaintiff's complaint pursuant to MCR 2.116(C)(5) to (7), arguing that plaintiff lacked the capacity to sue, that another suit had been initiated involving the same claims and the same parties, and that plaintiff's claims were barred by res judicata.

Ast the hearing on the motions to dismiss, the trial court[3] declined to rule on the motions, but instead referred the complaint for review by the chief judge in accordance with the July 2002 order.[4] Thereafter, plaintiff filed a "Request for Determination" in which he specifically asked the chief judge to "immediately release the present action for litigation." In his request, plaintiff asserted that "the purpose of [the order requiring] referral [to the chief judge] was to permit the [c]hief [j]udge an opportunity to determine whether such a complaint was frivolous or whether the [p]laintiff was improperly engaged in the practice of law, and if either condition were so, the [c]hief [j]udge could decide not to allow the complaint to be litigated . . . ." Plaintiff contended that the complaint was not frivolous and that he was not engaged in the practice of law and urged the chief judge to permit the action to proceed. Defendant Fifth Third Bancorp was the only defendant to file a brief in opposition to plaintiff's request. In its brief, defendant Fifth Third Bancorp asserted that collateral estoppel barred plaintiff's claims, that the complaint against it was not well grounded in fact or law, and that by filing the complaint plaintiff was again engaging in the unauthorized practice of law.

The chief judge found that the instant action had been filed in violation of the July 2002 order entered in the prior action, dismissed plaintiff's complaint with prejudice, and awarded sanctions, including costs and attorney fees to defendants.[5] Plaintiff now appeals.

[3] The complaint was assigned to the Honorable Dennis B. Leiber; however, the motions were heard by the Honorable Robert A. Benson.

[4] Several proposed orders reflecting Judge Benson's ruling were submitted under MCR 2.602(B)(3), and plaintiff filed an objection to entry of the proposed orders. The record does not establish, however, that an order referring the matter to the chief judge for review was ever entered.

[5] Defendant city of Grand Rapids did not request and was not awarded sanctions.

II

On grounds that were neither raised by plaintiff on appeal or below, nor considered by the chief judge, we reverse the orders dismissing plaintiff's complaint and awarding sanctions. Ordinarily, we do not address issues not raised below or on appeal, or issues that were not decided by the trial court. *Paschke v Retool Industries (On Rehearing)*, 198 Mich App 702, 705; 499 NW2d 453 (1993), rev'd on other grounds 445 Mich 502, 519 NW2d 441 (1994); *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 533; 672 NW2d 181 (2003). However, this Court possesses the discretion to review a legal issue not raised by the parties. *Mack v Detroit*, 467 Mich 186, 206-209; 649 NW2d 47 (2002) (stating that "[t]he jurisprudence of Michigan cannot be, and is not, dependent upon whether individual parties accurately identify and elucidate controlling legal questions"). We conclude that the chief judge erred by entering substantive and dispositive orders in a case not assigned to him. *Schell v Baker Furniture Co*, 461 Mich 502, 515; 607 NW2d 358 (2000). Although the chief judge possesses broad administrative authority, "[s]ubstantive or dispositive rulings in individual cases are not exercises of administrative authority." *Id.* Absent a proper reassignment order under MCR 8.111, the case remained assigned to Judge Leiber, *id.*, and only Judge Leiber or an authorized substitute, see MCR 8.111(C), could appropriately enter substantive or dispositive orders in the case. Because the record does not contain an order properly reassigning this case to the chief judge, justice requires that we reverse the orders of the chief judge dismissing the case and awarding sanctions. On remand, the trial court may consider the substantive motions filed by defendants and conduct such other proceedings as are consistent with this opinion.

In so holding, we are compelled to note that the provision of the July 2002 order in the prior action, that purports to prohibit plaintiff from filing additional complaints without the approval of the chief judge has no authority in subsequent proceedings and is void in this case. The judicial power possessed by a circuit court consists of the power "to decide and pronounce its judgment and to carry it into effect between persons and parties who bring a case before it for decision." *Goetz v Black*, 256 Mich 564, 569-570; 240 NW 94 (1932), citing *Muskrat v United States*, 219 US 346; 31 S Ct 250; 55 L Ed 246 (1911); *Daniels v People*, 6 Mich 381, 388 (1859) (stating that "judicial power" is "the power to hear and determine controversies between adverse parties, and questions in litigation"); see also *Kent Co Prosecuting Attorney v Kent Co Circuit Judges*, 110 Mich App 404, 407-408; 313 NW2d 135 (1981). Because the present case had not yet been filed and had not been assigned to the trial judge in the prior action, the trial judge had no judicial power in this case, and his order requiring review by the chief judge may not govern the proceedings in this case.[6]

Reversed and remanded for proceedings before the trial judge assigned to this action in accordance with MCR 8.111. We do not retain jurisdiction.

BORRELLO, J., concurred.

METER, P.J. (*dissenting*). I respectfully dissent because plaintiff (1) failed to preserve for appeal the issue on which the majority bases its ruling and (2) acqui-

---

[6] We offer no opinion regarding whether the chief judge, in his administrative capacity, may enter an order of review applicable to all cases filed by a particular litigant for the purpose of ensuring that the litigant, who has been found to have engaged in the unauthorized practice of law, does not do so again.

esced in having the chief judge of the circuit court review the merits of the instant lawsuit. I would affirm.

The majority reverses the trial court's ruling on the basis of an issue not raised by any party below. As noted in *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 234 n 23; 507 NW2d 422 (1993), issues raised for the first time on appeal generally are not subject to review absent "exigent circumstances." No exigent circumstances are present here. Moreover, not only was the issue deemed dispositive by the majority not raised below, it also was not raised on appeal. Therefore, "this case presents a much stronger case than *Booth* for declining to address the . . . issue, because in *Booth,* a party had at least raised the issue on appeal." *Burns v Detroit (On Remand),* 253 Mich App 608, 615; 660 NW2d 85 (2002), modified 468 Mich 881 (2003).

Additionally, plaintiff acquiesced in the procedure deemed faulty by the majority. Indeed, plaintiff filed a "Request for Determination" with the chief judge, in which he specifically asked the chief judge to determine whether the instant lawsuit was frivolous. The chief judge simply complied with this request, stating, inter alia, "It's my opinion that this is essentially the same lawsuit that you had in front of Judge Soet and should not have been accepted by our court. So I will dismiss this case as having been improperly filed, and I will award sanctions to the defendants[.]" To rule for plaintiff on appeal, i.e., to reverse the trial court's judgment in this case, would be allowing plaintiff to "harbor error as an appellate parachute," an action disallowed by this Court. See *Dresselhouse v Chrysler Corp,* 177 Mich App 470, 477; 442 NW2d 705 (1989) ("[a] party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute").

Further, I find no merit to the issues plaintiff actually does raise in his appellate brief.

I would affirm.