# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 4, 2007

132812

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

KEITH GREENE,
      Defendant-Appellant.

SC: 132812
COA: 263126
Kalamazoo CC: 04-002140-FC

_____/

On order of the Court, the application for leave to appeal the November 21, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, VACATE the defendant's sentence, and REMAND this case to the Kalamazoo Circuit Court for resentencing under properly scored sentencing guidelines. *People v Kimble*, 470 Mich 305 (2004). The defendant should have been scored zero points for OV 1 in light of MCL 777.31(2)(e), which prohibits a score of 5 points when the conviction offense is armed robbery, as it was here. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

CORRIGAN, J., concurs in part and dissents in part and states as follows:

I concur with the order insofar as it denies leave to appeal. I cannot accede to the order remanding for resentencing because of the alleged error in scoring offense variable (OV) 1. Because defendant explicitly stipulated to the scoring of that variable, he waived any error. Under our caselaw, a waiver *extinguishes* any error. *People v Carter*, 462 Mich 206, 215 (2000).

Defendant so far has not claimed in any court that his attorney was ineffective. Instead, the majority has injected this issue. The majority sua sponte concludes that

defense counsel was ineffective for waiving the scoring issue, without the benefit of any argument by defendant or the prosecution. This action extends the holding of *People v Kimble*, 470 Mich 305 (2004), again without briefing or argument. I would deny leave to appeal and allow defendant to raise his claim through the proper means, a motion for relief from judgment under MCR 6.500 *et seq.* Alternatively, I would direct a response from the prosecution.

## I. Facts and Procedural Posture

Defendant was convicted of armed robbery and resisting or obstructing a police officer. At sentencing, the prosecutor and defense counsel stipulated to score OV 1 (aggravated use of a weapon) at 5 points for each of the four victims for a total of 20 points because defendant implied to the four victims in the car that he had a weapon.[1] The trial court calculated defendant's guidelines range at 126 to 262 months' imprisonment and sentenced defendant to 126 months' to 25 years' imprisonment for the armed robbery conviction.

The Court of Appeals affirmed. *People v Greene*, unpublished opinion per curiam of the Court of Appeals, issued November 21, 2006 (Docket No. 263126). The Court of Appeals declined to review defendant's sentencing argument, raised for the first time in that Court:

---

[1] OV 1 (aggravated use of a weapon) provides, in pertinent part:

> (1) Offense variable 1 is aggravated use of a weapon. Score offense variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (e) A weapon was displayed or implied ....... 5 points
>
> * * *
>
> (2) All of the following apply to scoring offense variable 1:
>
> (a) Count each person who was placed in danger of injury or loss of life as a victim.
>
> * * *
>
> (c) Score 5 points if an offender used an object to suggest the presence of a weapon.
>
> * * *
>
> (e) Do not score 5 points if the conviction offense is a violation of section 82 or 529 of the Michigan penal code, 1931 PA 328, MCL 750.82 and 750.529 [armed robbery]. [MCL 777.31.]

Defendant next argues that he is entitled to resentencing because the trial court improperly scored 20 points for offense variable (OV) 1 (aggravated use of a weapon) and ten points for OV 9 (number of victims). We decline to review defendant's challenge to the scoring of OV 1 and OV 9 because the record reflects defense counsel's on-the-record expression of satisfaction with those scores. See *People v Carter*, 462 Mich 206, 214-215; 612 NW2d 144 (2000). [Slip op at 2.]

## II. Analysis

Although OV 1 was incorrectly scored, that error does not entitle defendant to resentencing. The Court of Appeals correctly ruled that defense counsel's stipulation waived the error under *Carter, supra* at 215. Indeed, defense counsel's express approval of the OV 1 score "*extinguished* any error." *Id.* (emphasis added). Defendant could have claimed ineffective assistance of counsel but did not do so in the trial court, the Court of Appeals, or this Court. Generally, an appellate court does not address issues that were not raised below or on appeal. *Tingley v Kortz*, 262 Mich App 583, 588 (2004). The majority not only raises the issue, it also decides the issue in defendant's favor. It does so without offering the prosecution a chance to respond or remanding for a *Ginther*[2] hearing. At the very least, the prosecution should be afforded notice and an opportunity to respond before the majority hands it a loss by extending new and heretofore unknown standards. Rudimentary fairness demands as much.

This order also extends the holding of *Kimble, supra*. In *Kimble, supra* at 309, 312, an offense variable was misscored, so the defendant's resulting minimum sentence exceeded the appropriate sentencing guidelines range. The defendant raised the scoring error for the first time in the Court of Appeals. *Id.* at 312. This Court held that because the defendant's sentence fell outside the appropriate guidelines range, his sentence was appealable, even though the scoring error was unpreserved. *Id.* Nonetheless, the defendant was required to satisfy the plain error standard set forth in *People v Carines*, 460 Mich 750, 763 (1999). *Kimble, supra* at 312.

*Kimble* is distinguishable from this case for two reasons. First, Kimble's unpreserved scoring issue was appealable because his sentence fell *outside* the appropriate guidelines range. Here, defendant's incorrectly scored minimum sentence (126 months) is not only *within* the appropriate guidelines range (108 to 225 months), it is also at the lower end of that range. In *Kimble, supra* at 310-311, this Court held that under MCL 769.34(10),[3] "if the sentence is within the appropriate guidelines sentence

---

[2] *People v Ginther*, 390 Mich 436 (1973).

[3] MCL 769.34(10) provides:

range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence *and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand.*" (Emphasis added.) Defendant did not raise the scoring error at sentencing, in a motion for resentencing, or in a motion to remand. Therefore, under *Kimble, supra*, defendant's sentence is not appealable.

Second, in *Kimble*, the defendant *forfeited* the scoring error by failing to raise it in the trial court. This Court held that the plain error standard applies to such unpreserved claim of error. *Id.* at 312. In the instant case, however, defendant *waived* the scoring issue by stipulating to his OV 1 score.

> Waiver has been defined as "the 'intentional relinquishment or abandonment of a known right.'" It differs from forfeiture, which has been explained as "the failure to make the timely assertion of a right." "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." Mere forfeiture, on the other hand, does not extinguish an "error." [*Carter, supra* at 215 (citations omitted).]

*Kimble, supra*, does not afford defendant relief. The principle of *Kimble* does not apply to waivers of error. Defendant remains free to raise a claim of ineffective assistance of counsel in a motion for relief from judgment under MCR 6.500 *et seq.*, in which the question of ineffective assistance of counsel can be entertained in a proper forum for the receipt of proofs involving counsel's performance.

---

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2007

_____
Clerk

d0501