# STATE OF MICHIGAN

# COURT OF APPEALS

VIRGINIA B. MONTESA,

Plaintiff-Appellant,

v

ADOLFO MONTESA,

Defendant-Appellee.

UNPUBLISHED
April 30, 2015

No. 319363
Wayne Circuit Court
LC No. 12-103809-DO

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM.

Plaintiff appeals by right a judgment of divorce in which the court divided the parties' property and awarded plaintiff $2,895.00 in attorney fees. We reverse and remand.

Plaintiff and defendant were married in 1975, and plaintiff filed for divorce in 2012, alleging a breakdown of the marriage relationship to the extent that the objects of matrimony had been destroyed. The marital estate included: defendant's trucking business, the marital home, household furnishings, plaintiff's 403(b) IRA, both parties' pensions, a property in the Philippines, and five vehicles.

In discovery, plaintiff requested defendant's business records and tax returns for the trucking business. Defendant repeatedly failed to provide the requested documents, despite being ordered to comply by the trial court on two separate occasions. Defendant also failed to appear for the first trial date where the trial court was informed for the third time that defendant had failed to comply with discovery requests.

At trial, defendant attempted to introduce business records for his trucking business. The trial court excluded all information that had not been provided in discovery, stating that the documents should have been produced much earlier and that defendant had obstructed reasonable and appropriate discovery. For this reason, the only financial information on the record regarding the value of the business was evidence that one entity paid the business $1 million overall, including a $91,000 payment in the first half of 2012. Defendant admitted on the record that the payments from this entity stopped after the first half of 2012 because defendant shut down the company when plaintiff filed for divorce.

Ultimately, a value was never placed on defendant's business. In the final judgment for divorce, it appears that the trial court attempted to fashion an equitable property division. A

-1-

valuation was placed on the martial home, household furnishings, property in the Philippines, and five vehicles and distributed to the parties equitably. The parties were also ordered to equalize their respective pension benefits by QDROs, and plaintiff was awarded $2,895 in attorney fees to sanction the defendant for his failure to comply with discovery and failure to appear at the first trial date. However, despite a valuation never being placed on defendant's business, defendant was awarded the business free and clear of plaintiff.

Plaintiff raises two issues on appeal. The first issue is whether the court failed to equitably distribute the parties' property when it equalized the parties' pension benefits without taking the marital share of plaintiff's pension into account or valuing the business that was awarded solely to defendant.

"This Court reviews a property distribution in a divorce case by first reviewing the trial court's factual findings for clear error, and then determining whether the dispositional ruling was fair and equitable in light of the facts." *Olson v Olson*, 256 Mich App 619, 622; 671 NW2d 64 (2003). Questions of law in property division cases are reviewed de novo. *Pickering v Pickering*, 268 Mich App 1, 7; 706 NW2d 835 (2005). A trial court has substantial discretion to fashion a property division. *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992). While the division does not need to be exactly equal, it must be equitable, and an equitable distribution means that the division of marital assets will be "roughly congruent." *Jansen v Jansen*, 205 Mich App 169, 171; 517 NW2d 275 (1994).

In this case, the trial court committed clear error when it failed to make a finding of fact concerning the value of defendant's business, and because of this error, the property division was not equitable. In order to equitably divide property, a court must make findings of fact to determine the value of the property. But in this case, the trial court never placed a value on defendant's business, instead just awarding defendant the entirety of the business and awarding plaintiff her 403(b) and household furnishings as a setoff.

It is true that it would have been very difficult for the trial court to place a value on the business because of defendant's repeated refusal to comply with court orders. However, it is clear that a valuation needs to be made. The evidence shows that the business received $1 million from just one client over the course of a few years, including $91,000 right before plaintiff filed for divorce. One million dollars is not a minimal amount, and while it may not reflect the gross income or profit of the business, that amount was received from only one customer. This indicates the possibility that—despite defendant's claims to the contrary—the business was worth quite a bit of money. If that were the case, it would certainly explain defendant's reluctance to provide plaintiff with the requested business records. Overall, being awarded the entirety of the business seems to be exactly what defendant hoped to gain by repeatedly defying court orders, not providing business records or income statements, and shutting down the business as soon as plaintiff filed for divorce.

In light of our finding that the property division is not equitable due to the trial court's failure to place a valuation on defendant's business, it is unnecessary to further address plaintiff's arguments regarding the marital share of plaintiff's pension.

Plaintiff next argues that she is unable to afford her attorney fees in light of the property division ordered by the trial court and that she only accrued this large amount of fees because of defendant's actions, so defendant should be ordered to pay $15,000 in attorney fees. In support of her argument, plaintiff cites MCR 3.206(C) and MCL 552.13. This Court reviews the trial court's decision to award attorney fees for an abuse of discretion. *Kosch v Kosch*, 233 Mich App 346, 354; 592 NW2d 434 (1999).

MCL 552.13(1) states: "[T]he court may require either party to pay . . . any sums necessary to enable the adverse party to carry on or defend the action, during its pendency." In this case, there is no evidence that plaintiff had any problems carrying on the action during its pendency. Although plaintiff charged all of her attorney fees to a credit card during the pendency of the case, which may or may not have been a good financial decision, plaintiff neither indicated that she was having trouble paying her fees nor motioned the court to require defendant to "pay any sums necessary" to enable her to carry on the case. Therefore, MCL 552.13 is inapplicable here.

Also, under MCR 3.206(C), in a domestic relations matter, a party who is unable to bear the expense of attorney fees may recover reasonable attorney fees if the other party is able to pay. In this case, plaintiff has provided evidence that plaintiff would at least have a very difficult time paying her attorney fees. However, no evidence was introduced that suggests that defendant would be able to afford the attorney fees better than plaintiff, which is necessary to prove according to MCR 3.206(C)(2). Therefore, the trial court did not abuse its discretion when it rejected plaintiff's argument under MCR 3.206(C) and only focused on sanction amounts. It is worth noting, however, that once the first issue is resolved and a value is placed on defendant's business, evidence may arise that indicates defendant is able to pay plaintiff's attorney fees.

Finally, this Court chooses to address an issue not directly raised on appeal. Ordinarily, this Court does not address issues not raised on appeal. *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004). However, this Court possesses the discretion to review a legal issue not raised by the parties. *Id*. And in this case, we conclude that the trial court erred by not imposing stricter discovery sanctions on defendant.

This issue was indirectly raised by plaintiff because she claims that she has a right to attorney fees because the fees only accrued as a result of defendant's actions. And in this case, the only attorney fees awarded by the trial court were to sanction defendant for his behavior. Also, because we expect defendant will continue his trend of failing to comply with court orders on remand, we feel it necessary to address this issue.

This Court reviews discovery sanctions for an abuse of discretion. *Dorman v Clinton Twp*, 269 Mich App 638, 655; 714 NW2d 350 (2006). In this case, defendant was ordered to comply with the discovery requests on three separate occasions. And each time defendant went before the trial court for his failure to comply, the court had very strict words for defendant but only imposed sanctions awarding plaintiff minimal attorney fees and excluding evidence at trial that defendant failed to provide during discovery.

Based on these facts, the trial court should have imposed stricter sanctions on defendant the third—if not the second—time it was brought to its attention that defendant had refused to

comply with a court order.  Borrowing the language used by the trial court, defendant repeatedly "thumbed his nose" at the process of the court and obstructed reasonable and appropriate discovery.  It is clear that the trial court's practice of threatening defendant with sanctions, but repeatedly giving him more time to comply was not effective.  If stricter sanctions had been imposed, this case could have been resolved much more quickly, potentially minimizing the amount of plaintiff's attorney fees and reducing the chance of an appeal.  Therefore, we find that the trial court abused its discretion by not imposing stricter discovery sanctions on defendant.

We conclude that the trial court committed error requiring reversal by failing to make a finding of fact concerning the value of defendant's business, and because of this error, the marital estate could not be equitably divided.  Therefore, this case must be reversed and remanded for a new trial.  And on remand, the trial court is instructed to impose strict sanctions if defendant continues to "thumb his nose" at the court.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.  Plaintiff may tax costs.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Peter D. O'Connell

-4-