# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 19, 2018

v

WILLIAM FRANK SIKORSKI JR.,

Defendant-Appellant.

No. 337572
Roscommon Circuit Court
LC No. 12-006736-FC

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right an order denying resentencing after a *Crosby* remand regarding his convictions for first-degree criminal sexual conduct involving the commission of another felony, MCL 750.520b(1)(c); first-degree criminal sexual conduct aided or abetted by another person, MCL 750.520b(1)(d); and domestic violence, third offense, MCL 750.81(4).[1] Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 40 to 60 years in prison for each of the criminal-sexual-conduct conviction and 46 to 180 months in prison for the domestic-violence conviction. We affirm.

## I. BACKGROUND

The facts of this case are set forth fully in this Court's first opinion in this matter. See *People v Sikorski*, unpublished opinion per curiam of the Court of Appeals issued June 4, 2015 (Docket No. 320867) (*Sikorksi I*). In this Court's second opinion in this case, the prior panel briefly summarized the facts as follows:

> defendant wanted to vaginally penetrate the complainant, his then-girlfriend, while their friend, JS, penetrated her anally. When the complainant stated that she did not want to participate in such acts and JS indicated reluctance to participate, defendant sexually assaulted the complainant by vaginally penetrating her with his penis, while at the same time forcing JS to sexually penetrate her orally with his penis. Defendant accomplished the sexual assault while hitting the

---

[1] Domestic violence, third-offense, is now set forth under MCL 750.81(5). See 2016 PA 87, effective July 25, 2016.

-1-

complainant in the face more than once and by choking her twice. Both the complainant and JS testified to being afraid of defendant. [*People v Sikorski*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2016 (Docket No. 320867), p 1-2 (*Sikorksi II*).]

Defendant was convicted of the above crimes and sentenced within the then-mandatory sentencing guidelines as noted above. Defendant appealed as of right to this Court, raising several claims of error not relevant to the instant appeal. Relevant to this appeal, defendant argued that the trial court improperly scored several offense variables (OV) and engaged in impermissible judicial fact-finding when sentencing defendant. Shortly after this Court's first opinion was released, the Supreme Court released its opinion in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

Defendant sought leave to appeal to the Supreme Court. In lieu of granting leave, the Supreme Court remanded the case to this Court for, among other things, consideration of defendant's sentencing argument in light of *Lockridge*. On remand, this Court affirmed defendant's convictions. *Sikorski II*, unpub op at 10. The prior panel concluded that the trial court erred in scoring some OVs, but noted that the error did not affect defendant's sentencing-guidelines range. *Id*. Still, because defendant preserved his argument that his sentence was unconstitutionally constrained by the then-mandatory sentencing guidelines, this Court remanded the case to the trial court for a *Crosby* proceeding. *Id*; see also *Lockridge*, 498 Mich at 397-398; *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Five weeks before the *Crosby* remand hearing, the trial court issued a "Notice to Appear" for "resentencing" to defendant and his appellate counsel (hereinafter referred to as "defense counsel"). Additionally, the trial court issued a writ of habeas corpus directing the Michigan Department of Corrections to produce defendant for a "resentencing hearing."

In January 2017, the prosecutor and defense counsel appeared before the trial court at a *Crosby* remand hearing and defense counsel stated that he was "representing defendant in this matter." Defense counsel indicated that he had attempted to procure defendant's presence at the hearing via the writ of habeas corpus, but that the writ had been cancelled. The trial court stated that it had cancelled the writ upon realizing that defendant's presence at a *Crosby* hearing was not required. See *Lockridge*, 498 Mich at 398.

The prosecutor argued that defendant's original sentence was appropriate and should not be altered on remand. Defense counsel argued that the Supreme Court's *Crosby* procedures were defective because they violate the ex-post-facto clause of the federal and state Constitutions. He argued that there should not be any judicial fact findings with regard to offense variables. He explained, "Therefore, our position would be that there should be a re-hearing—I mean—a re-sentencing with the guidelines scored without judicial fact finding." Defense counsel acknowledged, however, that "this [issue] is not before the Court at this time because this has been ruled otherwise by the Court of Appeals, and I would just like to put our objection on the record to the Crosby Hearing, for that . . . particular reason." Defense counsel indicated that he wanted the objection on the record "so that one wouldn't think that the Defendant was acquiescing to the . . . Crosby Hearing."

The following day, the trial court issued an order denying resentencing for defendant, stating:

IT IS ORDERED, that pursuant to People v Lockridge, 498 Mich 358, 397-398 (2015) and United States v Crosby, 397 F3d 103, 118 (CA 2, 2005), the court finds that it would not have imposed a materially different sentence in this case but for the unconstitutional constraint upon its sentencing discretion. In making this determination, the court has obtained the views of counsel, as was set forth on the record in this court. Further, the court considered only the circumstances existing at the time of the original sentence by reviewing the Presentence Investigation Report, the Victim Impact Statement, as well as reviewing the record for said hearing.

In light of this court's findings, as stated above, resentencing in this matter is not required and the original sentence rendered by this court shall remain in effect as previously ordered and adjudged.

After the hearing, defense counsel sent defendant a letter in which he asserted that his representation of defendant had concluded in August 2015 and that he had not been reappointed as counsel for defendant. Defense counsel acknowledged that he had not contacted defendant before the *Crosby* hearing, despite having received notice of the hearing, because he was waiting for an appearance to be filed by different counsel. Defense counsel stated that, when no alternate counsel had filed an appearance and the hearing date approached, he attempted to arrange a telephone conference with defendant, but prison authorities never returned his calls. Defense counsel further stated that he chose to represent defendant at the hearing because he did not want defendant to go unrepresented. Defense counsel indicated that he was soon retiring and advised defendant to move for appointment of appellate counsel. Defendant subsequently moved for the appointment of appellate counsel and new counsel was appointed.

This appeal followed.

## II. ANALYSIS

On appeal, defendant's only argument is that the *Crosby* remand procedure was improper. To remedy this error, defendant seeks a remand for a new *Crosby* hearing.

The Supreme Court gave a detailed account of the proper *Crosby* remand procedure in *Lockridge*. The Supreme Court instructed:

on a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional

-3-

constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398 (internal citations and notation omitted).]

*Defendant's Opportunity to Avoid Resentencing*. Defendant first argues that the trial court's procedure was improper because his views on resentencing were not sought before the hearing. On the current record, we find it likely that defendant did not have a meaningful opportunity to express a desire not to be resentenced. While defendant was informed of the "resentencing hearing," the notice sent to defendant did not inform defendant that he had a right to avoid resentencing nor did the notice provide any information regarding how defendant should inform the trial court if he wished not to be resentenced. Ordinarily, defense counsel would be presumed to understand (1) defendant's right to avoid resentencing under *Lockridge* and (2) how best to inform the trial court of defendant's decision to avoid resentencing. In this case, however, defense counsel did not obtain the views of defendant before the hearing and, because defendant was not present at the hearing, defendant appears not to have had any meaningful opportunity to voice a desire not to proceed.

Nonetheless, we find any error with respect to defendant's opportunity to avoid resentencing to be harmless. The first step of the *Crosby* remand procedure does nothing more than grant the defendant an opportunity to avoid being resentenced. Here, because any remand would only give defendant an opportunity to avoid a resentencing that never occurred, we find any error to be harmless in light of the trial court's decision not to resentence defendant. See *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 529; 730 NW2d 481 (2007); MCR 2.613(A).

*Defendant's Representation at the Hearing*. Defendant next argues that the trial court's procedure was improper because he did not personally appear and was not represented by counsel of record at the *Crosby* remand hearing. Defendant's argument regarding his appearance at the hearing is easily dismissed. Under *Lockridge*, the defendant's appearance is only required at resentencing; defendant's appearance is not required at the *Crosby* remand hearing. *Lockridge*, 498 Mich at 398. While defendant's appearance at the hearing would have been helpful under these particular circumstances to grant defendant the opportunity to express his views on whether he wished to avoid resentencing, because the trial court did not resentence defendant, his presence was not required.

The issue of counsel is more complicated. Because sentencing is a "crucial stage" of a case, the defendant has a right to counsel at sentencing proceedings. *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996). In his letter to defendant, defense counsel indicated that his appointment of defendant had ended before the *Crosby* remand hearing and that he had not been reappointed by the time the hearing was held. On appeal, defense counsel's letter is the only evidence defendant provides to support his argument that defense counsel was not acting as his counsel at the time of the *Crosby* remand hearing. While troubling, we are unable to conclude that defense counsel was not actually acting as defendant's counsel at the time of the hearing.

The order appointing defense counsel as defendant's appellate counsel indicates that defense counsel was "appointed for the defendant in post-conviction proceedings." Defendant's *Crosby* remand is plainly a "post-conviction proceeding" and, after reviewing the record, we are

unable to locate any document defendant or defense counsel filed with the trial court ending that appointment. Moreover, defense counsel is listed as defendant's counsel on the trial court's notices, in the relevant transcripts, and on the trial court's order following the *Crosby* remand hearing. Indeed, defense counsel admits that he received the notice to appear and that he was waiting for alternate counsel to file an appearance. Yet, defense counsel never informed the trial court, either in a pre-trial motion or at the *Crosby* remand hearing, that he did not represent defendant. Instead, defense counsel appeared at the hearing and represented defendant.

It is clear from the record, including the *Crosby* remand hearing transcript and the post-hearing letter, that defense counsel was well-versed in the facts of this case as well as the law on sentencing. Defense counsel argued that resentencing should be done only with facts found beyond a reasonable doubt, which plainly would have benefitted defendant had the trial court agreed.

Accordingly, we conclude that defendant has not shown that defense counsel was not his counsel of record at the time of the *Crosby* remand hearing. Because defense counsel appeared at the hearing and provided his views regarding the *Crosby* remand procedure to the trial court, we conclude that the trial court properly sought the views of counsel as required by *Lockridge*, 498 Mich at 398. While we find troubling both defense counsel's failure to contact defendant before the hearing and counsel's post-hearing letter purporting not to represent defendant, we note that defendant has not brought a claim of ineffective assistance of counsel. Per this Court's standard practice, we decline to raise that issue on our own motion. *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004).

*The Trial Court's Order Was Sufficient.* Finally, defendant argues that the trial court did not sufficiently explain its decision not to resentence defendant. The purpose of a *Crosby* remand is to determine the effect *Lockridge* had, if any, on defendant's sentence, so that it may be determined whether any prejudice resulted from the unconstitutional constraint on the trial court's discretion under the previously mandatory sentencing guidelines. See *People v Steanhouse*, 500 Mich 453, 475; 902 NW2d 327 (2017).

Here, the trial court indicated that it would have imposed the same sentence but for the unconstitutional restraint the then-mandatory guidelines imposed on its discretion. In doing so, the trial court referenced the attorney's arguments, the presentence-investigation report, the victim-impact statements, and the record for the original sentencing hearing. While a more detailed explanation may be required to justify a sentence that departs from the guidelines, see *Lockridge*, 498 Mich at 392, we note that defendant's within-guidelines sentence is presumptively appropriate, MCL 769.34(10); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Because the trial court's explanation was sufficient to explain that *Lockridge* would not have altered its original sentence, we conclude that defendant is not entitled to relief on this issue.

Affirmed.

/s/ William B. Murphy
/s/ Brock A. Swartzle