*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* T. HEWITT, Minor.

UNPUBLISHED
October 23, 2024
3:42 PM

No. 368861
St. Joseph Circuit Court
Family Division
LC No. 2022-000699-NA

Before: N. P. HOOD, P.J., and O'BRIEN and REDFORD, JJ.

N. P. HOOD, P.J. (*dissenting*).

I respectfully dissent. I would conclude that the trial court plainly erred by accepting respondent-mother's plea of admission because it was not knowingly and understandingly made, vacate the orders of adjudication and termination regarding respondent-mother, and remand for further proceedings.

## I. BACKGROUND

The majority accurately summarizes the background of this case: this case arises out of a Child Protective Services investigation of alleged domestic violence incidents involving respondent-mother and respondent-father. Some aspects of the factual and procedural background warrant amplification.

The catalyst for the petition was a June 2022 incident, during which respondent-father allegedly threw a metal figurine at respondent-mother's head and assaulted her with a propane torch while she held TH in her arms.[1] After the incident, respondent-mother continued to have contact with respondent-father. Following this continued contact, in September 2022, the

---

[1] Respondent-father allegedly told police officers he called to the scene that respondent-mother attempted to assault him with multiple objects during the incident, including a knife. According to the petition, respondent-father was "charged with domestic violence" after the incident, but respondent-mother was not.

Department of Health and Human Services (DHHS) petitioned the trial court to exercise jurisdiction over TH under MCL 712A.2(b)(2) (unfit home or environment).[2] Respondent-mother entered a plea of admission to DHHS's allegations regarding TH's exposure to domestic violence.

Before entering her plea, respondent-mother expressed a lack of understanding regarding the meaning of an "admission" and its implications in the context of the termination hearing. The presiding referee advised respondent-mother of her trial rights and provided an explanation of the dispositional phase of the proceedings. The referee asked respondent-mother whether she wished to enter a plea of admission in light of his explanation, and she responded, "I don't understand." The referee allowed respondent-mother to confer with her attorney, after which the following exchange occurred:

> *The Court*: Okay, we're going to go back on the record in the matter of the Hewitt case, case number 22-699 NA. We were in the middle of giving mother her—her rights as to trials and what could happen, and she requested some time to speak with her attorney and so we are back and I'll go to her attorney as to—is there a resolution today.

> [*Respondent-Mother's Attorney*]: Yes, your Honor. We had a chance to— [respondent-mother] had some questions. We discussed (inaudible) an admission. We want to make an admission.

> *The Court*: Okay. All right. Is that true, Mom.

> [*Respondent-Mother*]: (inaudible)

> *The Court*: Okay, you're still under oath. I did put you under oath prior and do you understand—anything I need to explain to you or that I just—just went over with you that you—

> [*Respondent-Mother*]: (inaudible)

> *The Court*: Well, I want to reiterate. You'll have a case plan after today that you'll need to follow . . . And I think you already know the majority of what needs to probably be done, so, um, and so the main thing is you need to understand that when you enter your admission today it could be used you [sic] on a future termination of your parental rights. We're not saying that's going to happen, but you just need to know that. Okay.

> [*Respondent-Mother*]: (inaudible)

---

[2] DHHS arguably petitioned the trial court to exercise jurisdiction over TH under MCL 712A.2(b)(1) (failure to provide proper care or custody) as well. Regardless, the trial court exercised jurisdiction over TH under MCL 712A.2(b)(2), only.

*The Court*: And you need—maybe a little bit—put the mic a little bit closer because I don't know if we're picking up enough.

[*Respondent-Mother*]: (inaudible)

*The Court*: All right. Okay. So, at this point I'm going to turn it over to your attorney as to the admission, okay. He's going to ask you some questions.

Respondent-mother's attorney then established what the court accepted as the factual basis for the plea. Respondent-mother admitted that TH "was exposed to domestic violence," and that it was contrary to TH's welfare to be exposed to domestic violence. She did not specify whether she was the victim of domestic violence or what her role in the exposure was.

Even after the factual basis, the referee continued to express reservations about respondent-mother's willingness to enter a plea:

*The Court*: Well, the issue is your demeanor is not really giving any confidence to this Court as to—as to your admission, um, is this truly your—your admission, you're willing and wanting to do, take—give this admission today.

[*Respondent-Mother*]: I don't really understand what admission means. I mean it's like—I don't understand. He explained to me what I have to do and (inaudible) and that's fine. If that's what you're asking me, yes.

After this exchange, the referee addressed an outburst from respondent-father. Throughout the plea hearing, respondent-father was disruptive. At times during the hearing, he directly addressed respondent-mother and attempted to affect her decision whether to enter a plea. The referee eventually removed respondent-father from the courtroom before continuing with respondent-mother's plea colloquy.

The referee then accepted respondent-mother's plea without eliciting further testimony. The trial court adopted the referee's recommendation and exercised jurisdiction over TH, removed him from respondent-mother's care, and ordered respondent-mother to complete a case service plan. Over one year later, the trial court terminated respondent-mother's parental rights under MCL 712A.19b(3)(j) based in part on its finding that she failed to rectify the domestic violence cycle with respondent-father. This appeal followed.

## II. PLEA OF ADMISSION

On appeal, respondent-mother argues that the trial court erred by accepting her plea of admission during the adjudicatory phase of the proceedings because her plea was not knowingly or understandingly made. I agree.

Whether child-protection proceedings complied with a respondent's right to due process presents a question of constitutional law, which this Court reviews de novo. *In re Sanders*, 495 Mich 394, 403-404; 852 NW2d 524 (2014). However, because respondent-mother did not move to withdraw her plea or otherwise challenge its validity in the trial court, this issue is unpreserved. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). This Court reviews unpreserved

errors arising out of child-protection proceedings for plain error affecting substantial rights. *Id*. To establish plain error, the respondent must show that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the error affected substantial rights. *Id*. "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008). "When plain error has occurred, '[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant *or* when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.*, quoting *In re Osborne (On Remand, After Remand)*, 237 Mich App 597, 606; 603 NW2d 824 (1999).

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich at 404 (citation omitted). During the adjudicative phase, the court determines whether it may exercise jurisdiction over a child. *Id*. The court may exercise jurisdiction over a child if the respondent enters a plea of admission or no contest to the allegations in the petition, see MCR 3.971, or if DHHS proves the allegations in the petition at trial, see MCR 3.972. *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). While the adjudicative phase is only the first step in child protective proceedings, "it is of critical importance because the procedures used in adjudicative hearings protect the parents from the risk of erroneous deprivation of their parental rights." *Id*. (quotation marks and citation omitted).

Under the Fourteenth Amendment of the United States Constitution, parents possess the fundamental right to make decisions regarding the care, custody, and control of their children. *In re Sanders*, 495 Mich at 409. For a plea to establish an effective waiver of a fundamental right under the Fourteenth Amendment of the United States Constitution, it must be knowingly, understandingly, and voluntarily made. *In re Ferranti*, 504 Mich at 21. "Our court rules reflect this due-process guarantee." *Id*. MCR 3.971(D)(1) provides that the court may not accept a plea "without satisfying itself that the plea is knowingly, understandingly, and voluntarily made." And MCR 3.971(B) requires the court to advise the respondent on the record or in a writing made part of the file of the allegations in the petition, their right to an attorney, the rights they waive by entering a plea, the consequences of the plea, their potential post-termination support obligation, and the availability of appellate review. *In re Ferranti*, 504 Mich at 21. See also MCR 3.971(B).

Here, the record reflects deficiencies in respondent-mother's plea of admission. Many of her responses to the referee's inquiries are reflected in the transcript as inaudible, and the referee repeatedly paused the proceedings to address respondent-father's outbursts. Respondent-mother explicitly expressed a lack of understanding regarding the implications of her plea. And although the referee allowed respondent-mother to confer with her attorney, he accepted her plea without eliciting clear testimony regarding her knowledge or understanding of its implications, and without advising her of her right to appellate review.[3]

On this record, I would not conclude that respondent-mother's plea of admission was knowingly and understandingly made. Respondent-mother expressed a lack of understanding

---

[3] After accepting respondent-mother's plea, the trial court mailed her an advice of appellate rights form approved by the Supreme Court Administrative Office.

regarding the implications of her plea, and in doing so, specifically stated, "I don't really understand what admission means." Although respondent-mother had the opportunity to consult with her attorney, she never expressed that her attorney rectified her lack of understanding regarding the implications of her plea. The trial court thus plainly erred by accepting respondent-mother's plea of admission.

Furthermore, the trial court's plain error prejudiced respondent-mother by affecting the outcome of the proceedings. As our Supreme Court has explained, a constitutionally defective plea "undermine[s] the foundation of the rest of the proceedings." *In re Ferranti*, 504 Mich at 31. A defective plea allows the state to interfere with and later terminate a respondent's parental rights. *Id*. "Due process requires more: either a plea hearing that comports with due process and the court rule or, if respondents choose, a trial." *Id*., citing MCR 3.971 and MCR 3.972. The trial court's plain error thus affected the outcome of the proceedings.

This plain error that warrants reversal for two reasons. First, respondent-mother's apparent equivocation and confusion at the plea hearing combined with the insufficient factual basis for the plea—as addressed in the following paragraph—creates a serious risk that she pleaded to something she did not do. Second, and equally concerning, the effect of this plea on the fairness, integrity, and public reputation of the court warrants reversal. As it stands, the trial court accepted respondent-mother's plea under the following conditions: she admitted to exposing TH to domestic violence, her abuser was present and harassing her for the bulk of the plea hearing, and she explicitly stated that she did not understand what her admission meant. To preserve the fairness and integrity of these proceedings, the trial court must hold a hearing where respondent-mother may knowingly, understandingly, and voluntarily decide to let the plea stand or invoke her other rights.

Lastly, respondent-mother does not challenge the factual basis underlying her plea. Ordinarily, this Court does not address issues that were not raised below or on appeal. *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004). However, it has the discretion to review issues not raised by the parties. *Id*. (explaining that "[t]he jurisprudence of Michigan cannot be, and is not, dependent upon whether individual parties accurately identify and elucidate controlling legal questions."). MCR 3.971(D)(2) provides that a court may not accept a plea "without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent . . . ." DHHS petitioned the trial court to exercise jurisdiction over TH under MCL 712A.2(b)(2) (unfit home or environment). During the plea hearing, respondent-mother admitted that TH was exposed to domestic violence in the family home, and exposure to domestic violence was contrary to his welfare. Yet she did not specify whether she was the perpetrator or the victim of domestic violence. The fact that a respondent was or is a victim of domestic violence is not a valid basis for terminating parental rights. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 334; 985 NW2d 912 (2022), citing *In re Plump*, 294 Mich App 270, 273; 817 NW2d 119 (2011). Therefore, I would also conclude that respondent-mother's admission did not provide a sufficient factual basis for her plea.

## III. CONCLUSION

For the reasons previously stated, I would vacate the orders of adjudication and termination regarding respondent-mother and remand for further proceedings.

/s/ Noah P. Hood