*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* G. A. BURNS, Minor.

UNPUBLISHED
April 22, 2025
10:46 AM

No. 372453
Montcalm Circuit Court
Juvenile Division
LC No. 2021-001023-NA

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

WALLACE, J. (*concurring in part and dissenting in part*).

I concur with the majority's decision to vacate the trial court's best-interests analysis because it failed to consider the best interests of the child, GAB, in light of relative placement; however, I respectfully dissent from the majority's affirmation of the trial court's finding as to the statutory grounds for termination of respondent-father's parental rights. I would hold that the trial court erred by terminating respondent-father's parental rights at the initial disposition instead of ordering reasonable efforts toward reunification.

Although neither respondent-father nor petitioner has raised this issue on appeal, this Court could exercise discretion to review it. See *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004).

Because respondent-father did not preserve this issue by raising it in the trial court, this Court's review would be for plain error affecting substantial rights. *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 7. That "standard requires a respondent to establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected their substantial rights. And the error must have seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. (cleaned up). We review a trial court's factual findings regarding whether a petitioner made reasonable efforts to reunify a parent and child for clear error. *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2018). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

-1-

"In general, when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal . . . ." *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005). However, MCL 712A.19a(2) provides that reasonable efforts toward reunification are not required if:

> (a) There is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638.

> (b) The parent has been convicted of 1 or more of the following:

> (*i*) Murder of another child of the parent.

> (*ii*) Voluntary manslaughter of another child of the parent.

> (*iii*) Aiding or abetting in the murder of another child of the parent or voluntary manslaughter of another child of the parent, the attempted murder of the child or another child of the parent, or the conspiracy or solicitation to commit the murder of the child or another child of the parent.

> (*iv*) A felony assault that results in serious bodily injury to the child or another child of the parent.

> (c) The parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights.

> (d) The parent is required by court order to register under the sex offenders registration act. [MCL 712A.19a(2).]

Only when the trial court finds clear and convincing evidence to support the existence of an aggravating circumstance may it terminate parental rights at the initial disposition. *In re Walters*, ___ Mich App at ___; slip op at 6. Under MCL 712A.19a(2), in the absence of aggravating circumstances, a petitioner "has a statutory duty to make reasonable efforts to reunify the child and family[.]" *In re Atchley*, 341 Mich App at 338 (quotation marks omitted). "This means petitioner must create a service plan outlining the steps that both it and the parents will take to rectify the issues that led to court involvement and to achieve reunification." *Id*. at 338-339 (quotation marks and citation omitted).

In the present case, petitioner did not allege any aggravating circumstances that would warrant termination at the initial disposition, and the trial court did not make any findings as to aggravating circumstances, nor does the record support such a finding. In seeking termination of respondent-father's parental rights, petitioner alleged that he was incarcerated—with an earliest release date in 2027 and a maximum discharge date in 2041—and therefore could not provide the child with proper care and custody or a suitable home environment. Petitioner also claimed that respondent-father failed to establish paternity over the child despite being given an opportunity to do so, had little to no contact with the child, and did not provide the child with emotional or

financial support. None of those allegations constitute aggravating circumstances as defined in MCL 712A.19a(2).

Moreover, although the trial court found that petitioner made reasonable efforts toward reunification, that finding is not supported by the record. Both of GAB's caseworkers testified that they did not offer respondent-father any services during the proceedings. And respondent-father testified that he had not been contacted by a DHHS caseworker since 2021 and that DHHS had not offered him any services during the proceedings, though he was participating in a substance-abuse program through the prison where he was incarcerated. Petitioner presented no evidence that it provided respondent-father "a service plan outlining the steps that both it and [respondent-father] will take to rectify the issues that led to court involvement and to achieve reunification." *Atchley*, 341 Mich App at 338-339. As our Supreme Court held in *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010): "The state is not relieved of its duties to engage an absent parent merely because that parent is incarcerated." Respondent-father had a statutory right to be provided services and such right was disregarded by the trial court and DHHS. See *id*. The trial court thus clearly erred by finding that petitioner made reasonable efforts to reunify respondent-father and the child.

The trial court's termination of respondent-father's parental rights in the absence of reasonable efforts at reunification or aggravating circumstances rendering those efforts unnecessary constitutes plain error. See *In re Walters*, ___ Mich App at ___; slip op at 7. The plain error prejudiced respondent-father because

> (1) it is unclear how an aggrieved respondent could establish outcome-determinative error concerning the denial of reunification services altogether and (2) the error improperly dispensed with a critical aspect of a child protective proceeding—the requirement to offer reunification services before terminating parental rights—affected the very framework within which this case progressed, undermined the foundation of the rest of the proceedings, and impaired respondent's fundamental right to direct the care, custody, and control over [his child]. [*In re Barber/Espinoza*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369359); slip op at 9.]

The *Barber/Espinoza* "analysis of the plain error rule's third prong applies equally to any case in which a court erroneously terminates a parent's rights in the absence of aggravating circumstances." *In re Walters*, ___ Mich App at ___; slip op at 7. Respondent-father was thus prejudiced by the trial court's error. As we held in *Barber/Espinoza* and *Walters*, I would conclude "that the fairness and integrity of the proceeding was seriously affected by the damage done to the framework in which the case progressed." *Id*.; see also *In re Barber/Espinoza*, ___ Mich App at ___; slip op at 10.

I respectfully concur in part and dissent in part.

/s/ Randy J. Wallace