SCHELL v BAKER FURNITURE COMPANY

COLLINS v BAKER FURNITURE COMPANY

Docket Nos. 113598, 113599. Decided March 16, 2000. On applications by
the defendant for leave to appeal, the Supreme Court, in lieu of
granting leave, affirmed the judgment of the Court of Appeals.

Ronda Schell brought an action in the Kent Circuit Court against
Baker Furniture Company, her former employer, alleging harass-
ment by a fellow employee and wrongful discharge. Sandra Collins
also brought an action against Baker Furniture, her employer, in
the Kent Circuit Court, alleging similar harassment. Each case was
assigned to a different judge, and each proceeded through discov-
ery and pretrial motions. The plaintiffs were deposed, motions for
summary disposition were argued and decided, and scheduling con-
ferences were held. In *Collins*, the circuit court conducted a settle-
ment conference, and, when agreement was not reached, a trial
date was set. A settlement conference took place in *Schell*, and a
trial was scheduled. Before either trial, Dennis C. Kolenda, Chief
Judge of the court, notified the parties that additional settlement
conferences would occur. The same attorney represented both
plaintiffs. He arranged with defense counsel to conduct both con-
ferences on the same date. Although plaintiffs' counsel appeared,
neither plaintiff appeared personally. Because they failed to appear,
the chief judge dismissed the cases. The Court of Appeals, MARKEY,
P.J., and GRIFFIN and WHITBECK, JJ., consolidated the cases and
reversed the dismissals, noting that no court rule specifically
authorizes settlement weeks; the cases were advancing normally,
had been the subject of prior settlement conferences, and had not
been plagued by the plaintiffs avoiding conferences or ignoring
orders of the court; the analogous dismissal sanction for discovery
violations, MCR 2.313(B)(2)(c), is to be applied only in extreme
cases; MCR 2.401(G) provides that failure to appear is grounds for
dismissal under MCR 2.504(B), and the latter rule is phrased in
terms of a party's motion to dismiss, not a judge ordering dismissal
sua sponte; and the mediation results should have remained confi-
dential under MCR 2.403(N)(4) and should not have played a role
in the decisions whether to dismiss or whether to reinstate. The
Court of Appeals also questioned the authority of the chief judge to

enter the dismissal orders in cases that were properly assigned to other judges. 232 Mich App 470 (1998) (Docket Nos. 194794, 194795). The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The decision whether to dismiss these cases should have been made by the assigned judges rather than the chief judge. Accordingly, the orders of dismissal must be set aside.

1. A chief judge has the specific authority and responsibility to act in accordance with each separate provision of MCR 8.110. In promulgating the rule, however, it was also intended that a chief judge have the authority to employ creative and energetic means to improve the delivery of justice to the citizens who come before the court. The opinion of the Court of Appeals reflects the assumption that a chief judge is unable to take measures not specifically authorized by the court rule. However, chief judges are invested with the authority to take measures not prohibited by the letter or spirit of the court rules. The Chief Judge of the Kent Circuit Court had authority to announce a "settlement week," during which an intense effort would be made to resolve as many of the court's pending cases as possible. The chief judge likewise had authority to summon attorneys and litigants to conferences to be held for that purpose, and to require personal attendance by individual litigants and by persons with authority to settle cases on behalf of corporate litigants.

2. Pursuant to MCR 8.111, these cases were originally and properly assigned to judges of the circuit court. In the absence of a proper reassignment order under MCR 8.111, the cases remained assigned to the circuit judges to whom they were first assigned. The chief judge should not have entered dispositive orders in these cases. Substantive or dispositive rulings in individual cases are not exercises of administrative authority. Further, adherence to the approach set forth in MCR 8.111 enhances personal judicial accountability and assures litigants that rulings are made by a judge who is familiar with the substance and circumstances of each case.

Affirmed.

*Harold S. Sawyer* for the plaintiffs-appellees.

*Warner, Norcross & Judd, L.L.P.* (by *Paul T. Sorensen* and *Brian J. Masternak*), for the defendant-appellant.

PER CURIAM. The plaintiffs sued the defendant employer, alleging sexual harassment in the workplace. However, the circuit court dismissed the cases because the plaintiffs failed to appear personally at a settlement conference. The Court of Appeals reversed the dismissals, and remanded the cases for further proceedings. For the reasons stated below, we affirm the judgment of the Court of Appeals.

I

Plaintiff Ronda Schell was an employee of defendant Baker Furniture Company.[1] She explains that she worked primarily "in its so-called 'rubbing' department where final finishing of furniture is done." Plaintiff Sandra Collins also worked at Baker Furniture; she states that she was "employed in various production work capacities."

In March 1994, Ms. Schell sued Baker Furniture, alleging that she had been harassed by a fellow employee who was "constantly, without either invitation or provocation, addressing the plaintiff by profane and abusive names and descriptions in the feminine gender to an extent that repeatedly reduced the plaintiff to tears and extreme emotional disturbance." She further alleged that her requests for help from the employer resulted in her being wrongfully discharged. Her complaint sought monetary damages, presumably reflecting lost wages and other harm.

---

[1] We are told that the proper name of the defendant is Baker, Knapp & Tubbs, Inc., and that it does business under the name Baker Furniture Company.

Two weeks after Ms. Schell filed her complaint, Ms. Collins sued Baker Furniture.[2] Ms. Collins alleged that she "was constantly addressed by obscene names and adjectives to the point of being reduced to tears and near hysteria." She too sought monetary damages.

The plaintiffs were represented by the same attorney, but the suits were assigned to different judges of the Kent Circuit Court.

Each case proceeded through discovery and pretrial motion practice: The plaintiffs were deposed; motions for summary disposition were argued and decided;[3] scheduling conferences were held.

In *Collins*, the circuit court conducted a settlement conference in June 1995. Agreement was not reached, however, so the court set an April 1996 trial date. Such a settlement conference took place in July 1995 in *Schell*, with the court scheduling a June 1996 trial.

In January 1996, the chief judge of the Kent Circuit Court sent out notices regarding a "settlement week conference."[4] The parties were told in *Schell* that a

---

[2] Ms. Collins evidently was still working for Baker Furniture when she filed her complaint. From statements made by her attorney later in the proceedings, we learn that she soon left for other employment.

[3] Baker Furniture filed a motion for summary disposition under MCR 2.116(C)(10) in *Schell*, but the circuit court denied the motion. It filed a second motion under MCR 2.116(C)(7) and (10), but the dismissal that is the subject of this appeal was entered before the court ruled on the renewed motion. In *Collins*, Baker Furniture's motion for summary disposition under MCR 2.116(C)(10) was partially granted and partially denied. A second motion under MCR 2.116(C)(10) was later denied.

[4] The chief judge was the assigned judge in neither case, and the court entered no order reassigning the cases to him. At a subsequent hearing, he stated:

The judges of this Court agreed that, for the sake of uniformity, all issues regarding Settlement Week would be made by the Chief Judge.

ninety-minute conference would occur on the afternoon of Monday, March 11, 1996. A similar conference would take place in *Collins* on the morning of Tuesday, March 12, 1996. Each notice stated these conditions:

> 1. Counsel and/or the parties shall be prepared to negotiate in good faith effort to reach a fair and reasonable settlement.
>
> 2. Clients and persons with authority to settle shall be present at the settlement conference.
>
> 3. The parties shall submit a joint settlement conference statement (see attached form), setting forth both the undisputed and disputed facts and issues of the case. The joint settlement conference statements shall be filed with the Court Administrator's office by February 26, 1996. In addition, the parties shall submit a copy of the mediation summary and evaluation under MCR 2.403 at the same time and place as the joint settlement conference statement, if mediation has been held.
>
> 4. Failure to prepare for, attend, or meaningfully participate in this settlement conference may result in the imposition of sanctions.
>
> 5. The parties and counsel shall advise the Assignment Clerk's office of any attorneys of record whose names do not appear on this order.
>
> 6. Settlement conferences shall not be adjourned except for good cause and only by the Chief Judge.
>
> 7. Trial date presently scheduled remains on.

The attorney representing the plaintiffs arranged with the attorney for Baker Furniture to conduct both conferences on Monday, March 11, 1996. On that date, Baker Furniture's attorney was present, along with two representatives of the client, one of whom had traveled from Wisconsin. However, plaintiffs' counsel was alone—neither plaintiff appeared personally at the hearing.

Because the plaintiffs failed to appear, the chief judge dismissed the two cases. The orders cited MCR 2.401(G), set forth below:

> (G) Failure to Attend; Default; Dismissal.
>
> (1) Failure of a party or the party's attorney to attend a scheduled conference, as directed by the court, constitutes a default to which MCR 2.603 is applicable or grounds for dismissal under MCR 2.504(B).[5]
>
> (2) The court shall excuse the failure of a party or the party's attorney to attend a conference, and enter an order other than one of default or dismissal, if the court finds that
>
> (a) entry of an order of default or dismissal would cause manifest injustice; or
>
> (b) the failure to attend was not due to the culpable negligence of the party or the attorney.
>
> The court may condition the order on the payment by the offending party or attorney of reasonable expenses as provided in MCR 2.313(B)(2).

Each plaintiff filed a motion to set aside the dismissal and reinstate the case. At the joint hearing, plaintiffs' counsel attempted to explain why they had been absent. The account was not entirely consistent, and was contradicted in some respects by the attorney for Baker Furniture. However, the basic situation was captured in the chief judge's written opinion:

> Plaintiffs' counsel acknowledges that both of his clients knew that a conference was scheduled, when and where it was, and its purpose. While the conference in Ms. Collins's case had been advanced one day by agreement of the attor-

---

[5] MCR 2.504 is the rule governing dismissals. It includes this paragraph:

If the plaintiff fails to comply with these rules or a court order, a defendant may move for dismissal of an action or a claim against that defendant. [MCR 2.504(B)(1).]

neys, it is conceded that Ms. Collins knew of the new date and time. Neither plaintiff appeared because their counsel took it upon himself to countermand the Court's notices. Because of other proceedings in these cases, namely: motions, which he thought might affect the settlement conferences, plaintiffs were told by their counsel not to appear unless they heard otherwise from him. Unfortunately for them, by the time counsel concluded that the other proceedings would not forestall the settlement conferences, he was unable to reach his clients.

The chief judge denied the motion, saying that it would be "unprincipled" to set aside the dismissals. He explained that litigants are bound by actions of their attorneys—"otherwise, evasion of rulings and rules would be rampant." The chief judge found culpable negligence on the part of counsel, MCR 2.401(G)(2)(b), and said that there was no injustice in light of the low mediation evaluation. Finally, the chief judge wrote of the value of the "settlement week" process, and the importance of maintaining its integrity:

> This year's Settlement Week was equally successful [as a 1994 settlement week], resulting 55% of the cases summoned [sic], including several which would have taken 6-8 weeks to try and which settled for very large sums of money. Not dealing sternly with plaintiffs' failures to appear would undermine the effectiveness of an extremely useful tool for preserving access to the courts. It is not merely a matter of expediting settlements or docket control. Good docket management and settlements open up time for those cases which need it.

Both plaintiffs appealed. The Court of Appeals consolidated the cases and reversed the dismissals. 232 Mich App 470; 591 NW2d 349 (1998).

In its opinion, the Court of Appeals noted that MCR 2.401(F) and 2.401(G) give the court discretion to dismiss a case when a plaintiff fails to appear for a settlement conference, but the Court concluded:

> Dismissal is the harshest sanction that the court may impose on a plaintiff. Even though the court rules permit the imposition of this sanction in *appropriate* circumstances, we do not believe that it is either mandated or warranted in the cases at bar. [232 Mich App 475 (emphasis in original).]

The Court of Appeals offered several bases for its decision. First, no court rule specifically authorizes settlement weeks. 232 Mich App 475-476. Second, these cases were advancing normally, had been the subject of prior settlement conferences, and had not been plagued by the plaintiffs avoiding conferences or ignoring orders of the court. 232 Mich App 476. Third, the analogous dismissal sanction for discovery violations, MCR 2.313(B)(2)(c), is to be applied "only in extreme cases."[6] 232 Mich App 477. Fourth, MCR 2.401(G) provides that failure to appear is "grounds for dismissal under MCR 2.504(B)," and the latter rule is phrased in terms of a party's motion to dismiss, not a judge ordering dismissal sua sponte. 232 Mich App 478-479.

The Court of Appeals made two additional points. It said that the mediation results should have remained confidential under MCR 2.403(N)(4) and should not have played a role in the decisions whether to dismiss or whether to reinstate. 232 Mich App 479-480. The Court of Appeals also questioned

---

[6] The Court of Appeals quoted 2 Martin, Dean & Webster, Michigan Court Rules Practice, p 367.

the authority of the chief judge to enter the dismissal orders in cases that were properly assigned to other judges. 232 Mich App 480-481.

The defendant has applied to this Court for leave to appeal.

II

The Court of Appeals indicated that there is no court rule authorizing "settlement week conferences." It is true that no rule uses that phrase, but such a conference is certainly authorized by rule. MCR 2.401(A) provides:

> Time; Discretion of Court. At any time after the commencement of the action, on its own initiative or the request of a party, the court may direct that the attorneys for the parties appear for a conference. The court shall give reasonable notice of the scheduling of a conference. More than one conference may be held in an action.

Moreover, "the possibility of settlement" and "other matters that may aid in the disposition of the action" are expressly listed as suitable subjects for discussion at a pretrial conference. MCR 2.401(C)(1)(g), (l).

MCR 2.401(A) speaks of a conference to be attended by "the attorneys for the parties." Further, MCR 2.401(F) allows the court to direct that the parties also attend.

Thus, the circuit court had the authority to call the settlement conference and to require that the parties attend.[7]

---

[7] As stated earlier, the notice included this directive:

> Clients and persons with authority to settle shall be present at the settlement conference.

III

˙ While the court (i.e., the assigned judge) had the authority to direct the settlement conference, this case presents the question whether the chief judge had authority to issue such a directive for cases pending before other judges of the court.

The authority of a chief judge is set forth in MCR 8.110, which this Court adopted in 1985 and refined in a series of amendments. Subrule (C) concerns the duties and powers of a chief judge. In pertinent part, it provides:

> (1) A chief judge shall act in conformity with the Michigan Court Rules, administrative orders of the Supreme Court, and local court rules, and should freely solicit the advice and suggestions of the other judges of his or her bench and geographic jurisdiction. . . .
>
> (2) As the presiding officer of the court, a chief judge shall:
>
> (a) call and preside over meetings of the court;
>
> (b) appoint committees of the court;
>
> (c) initiate policies concerning the court's internal operations and its position on external matters affecting the court;
>
> (d) meet regularly with all chief judges whose courts are wholly or partially within the same county;
>
> (e) represent the court in its relations with the Supreme Court, other courts, other agencies of government, the bar, the general public, and the news media, and in ceremonial functions; and
>
> (f) counsel and assist other judges in the performance of their responsibilities.

---

The plaintiffs argue that this sentence, calling for "clients" to attend is ambiguous, and does not clearly require the attendance of the party plaintiffs. We disagree.

(3) As director of the administration of the court, a chief judge shall have administrative superintending power and control over the judges of the court and all court personnel with authority and responsibility to:

(a) supervise caseload management and monitor disposition of the judicial work of the court;

(b) direct the apportionment and assignment of the business of the court, subject to the provisions of MCR 8.111;[8]

(c) determine the hours of the court and the judges; coordinate and determine the number of judges and court personnel required to be present at any one time to perform necessary judicial administrative work of the court, and require their presence to perform that work;

(d) supervise the performance of all court personnel, with authority to hire, discipline, or discharge such personnel, with the exception of a judge's secretary and law clerk, if any;

(e) coordinate judicial and personnel vacations and absences, subject to the provisions of subrule (D);[9]

(f) supervise court finances, including financial planning, the preparation and presentation of budgets, and financial reporting;

(g) request assignments of visiting judges and direct the assignment of matters to the visiting judges;

(h) effect compliance by the court with all applicable court rules and provisions of the law; and

(i) perform any act or duty or enter any order necessarily incidental to carrying out the purposes of this rule.

The provisions of MCR 8.110(C) are set forth at length because they represent an instance in which the whole exceeds the sum of the parts. A chief judge has the specific authority and responsibility to act in accordance with each separate provision of the rule.

---

[8] MCR 8.111 concerns assignments of cases, and is quoted later in this opinion.

[9] MCR 8.110(D) concerns court hours, court holidays, judicial vacations, and judicial absences.

In promulgating the rule, however, we also intended that a chief judge have the authority to employ creative and energetic means to improve the delivery of justice to the citizens who come before the court.

The opinion of the Court of Appeals reflects the assumption that a chief judge is unable to take measures not specifically authorized by the court rule. 232 Mich App 475-476. We instead have invested chief judges with the authority to take measures not *prohibited* by the letter or spirit of the court rules.

For these reasons, the chief judge of the Kent Circuit Court had authority to announce a "settlement week," during which an intense effort would be made to resolve as many of the circuit's pending cases as possible. The chief judge likewise had authority to summon attorneys and litigants to conferences to be held for that purpose, and to require personal attendance by individual litigants and by persons with authority to settle cases on behalf of corporate litigants. MCR 8.110(C)(3)(a)-(b), (i).

IV

The next question is whether the chief judge had the authority to enter dispositive orders in these cases, which had been assigned to other judges of the circuit.

Again we turn to the court rules, in this instance MCR 8.111. The relevant portions are these:

(B) Assignment. All cases must be assigned by lot, unless a different system has been adopted by local court adminis-

trative order under the provisions of subrule 8.112.[10] Assignment will occur at the time the case is filed or before a contested hearing or uncontested dispositional hearing in the case, as the chief judge directs. Civil actions must be assigned within appropriate categories determined by the chief judge. The chief judge may receive fewer assignments in order to perform the duties of chief judge.

(C) Reassignment. If a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason. To the extent feasible, the alternate judge should be selected by lot. The chief judge shall file the order with the trial court clerk and have the clerk notify the attorneys of record. The chief judge may also designate a judge to act temporarily until a case is reassigned or during a temporary absence of a judge to whom a case has been assigned.

(D) Actions Arising Out of the Same Transaction or Occurrence.[11] Subject to subrule 8.110(C),

*    *    *

(4) the chief judge may reassign cases, other than those encompassed by subrule 8.111(D)(1),[12] in order to correct docket control problems resulting from the requirements of this rule.

Pursuant to MCR 8.111, these two cases were originally and properly assigned to judges of the circuit. As we explained in part III of this opinion, the chief judge could summon lawyers and litigants to "settle-

---

[10] MCR 8.112(B)(1) permits a trial court to "issue an administrative order governing only internal court management."

[11] It is evident that the catch line for MCR 8.111(D) does not pertain to paragraph 8.111(D)(4). We recall, however, that "[t]he catch lines of a rule are not part of the rule and may not be used to construe the rule more broadly or more narrowly than the text indicates." MCR 1.106.

[12] MCR 8.111(D)(1) provides that "if one of two or more actions arising out of the same transaction or occurrence has been assigned to a judge, the other action or actions must be assigned to that judge."

ment week conferences"—such an *administrative* decision is an appropriate exercise of the chief judge's authority. However, in the absence of a proper reassignment order under MCR 8.111, the cases remained assigned to the circuit judges to whom they were first assigned. The chief judge should not have entered dispositive orders in these cases.

In part III of this opinion, we wrote of the broad powers of a chief judge, and indicated that an administrative action is not automatically ultra vires if unmentioned in MCR 8.110. There is no inconsistency in our interpreting MCR 8.111 more narrowly. Substantive or dispositive rulings in individual cases are not exercises of administrative authority. Further, adherence to the approach set forth in MCR 8.111 enhances personal judicial accountability and assures litigants that rulings are made by a judge who is familiar with the substance and circumstances of each case.[13]

Because the decision whether to dismiss these cases should have been made by the assigned judges rather than the chief judge, the orders of dismissal must be set aside. Accordingly, we affirm the judgment of the Court of Appeals and remand these cases to the circuit court for further proceedings consistent with this opinion.[14] MCR 7.302(F)(1).

---

[13] The rule that one circuit judge should not enter orders in a case assigned to another circuit judge is of longstanding. See, for instance, *Zimmer v Byers*, 319 Mich 410, 414-416; 29 NW2d 838 (1947), interpreting a now-repealed statutory provision concerning a subject now governed by court rule. See also MCR 2.613(B).

[14] In the sound exercise of its discretion, the circuit court may choose in each case to enter an order pertaining to the events of March 11, 1996, or it may choose to schedule new settlement conferences and simply go forward from that point.

WEAVER, C.J., and CAVANAGH, KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.