*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
October 15, 2020

v

No. 347775
Mecosta Circuit Court
LC No. 12-0007388-FH

ROBERT NOEL SIMMONS,

        Defendant-Appellant.

Before: MURRAY, C.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant pleaded guilty to third-degree criminal sexual conduct (CSC-III) (victim between 13 and 16), MCL 750.520d(1)(a), and was sentenced to serve 5 to 15 years' imprisonment. Several years later, an amended judgment of sentence was entered sua sponte by the circuit court chief judge after the presiding judge retired. Defendant's motion to vacate the amended judgment of sentence was denied. This Court denied defendant's application for leave to appeal.[1] Our Supreme Court remanded this matter for consideration as on leave granted.[2] We vacate the amended judgment of sentence, and remand this matter for a proper judicial assignment for the purpose of correcting the judgment of sentence.[3]

## I. FACTUAL BACKGROUND

In 2008, defendant was in a sexual and dating relationship with a 14-year-old girl when he was 18 years old. On May 7, 2012, defendant entered a guilty plea to one count of CSC-III. At the time of his plea, defendant was incarcerated in Kansas. Defendant's judgment of sentence for this case stated that he was being sentenced to serve a minimum of 5 years and a maximum of 15

---

[1] *People v Simmons*, unpublished order of the Court of Appeals, entered March 27, 2019 (Docket No. 347775).

[2] *People v Simmons*, 504 Mich 956; 932 NW2d 630 (2019).

[3] Defendant was paroled on October 16, 2019.

years' imprisonment. However, under paragraph 12 of the judgment of sentence, which is labeled "Court recommendation," the trial court stated in part: "THIS SENTENCE TO RUN CONCURRENT TO AND NOT TO EXCEED SENTENCE IN KANSAS." Judge Ronald C. Nichols explained to defendant at sentencing that "the day you get out of prison in Kansas is the day you get . . . released from control of the Department of Corrections with Michigan." When the Kansas Department of Corrections later sent a detainer notification suggesting that defendant would have to return to Michigan to serve the remainder of his time, Judge Nichols sent a letter stating that defendant's detainer should be cancelled because his Michigan sentence was not to exceed his sentence in Kansas.

Judge Nichols retired in 2014. On March 13, 2018, Chief Judge Scott Hill-Kennedy entered an amended judgment of sentence, whereby paragraph 12 labeled "Court recommendation" was amended to state, in part:

> THE MINIMUM SENTENCE TO RUN CONCURRENT TO AND NOT TO EXCEED SENTENCE IN KANSAS. THE MAXIMUM SENTENCE BY STATUTE IS 15 YEARS. MICHIGAN DEPT OF CORRECTIONS TO DETERMINE WHEN DEF TO BE PAROLED ON MICHIGAN SENTENCE AFTER THE MINIMUM HAS BEEN SERVED.

During a hearing on defense counsel's motion to withdraw, defendant made an oral motion for Chief Judge Hill-Kennedy's disqualification. The court declined to address the matter because that motion was not supported by proper documentation or information at that time. Defendant later filed a motion to vacate the amended judgment of sentence, which was denied on the ground that it imposed the same 5-to-15-year sentence as the original judgment of sentence so there was no substantive change in defendant's sentence. Defendant's motion for reconsideration was denied and this appeal followed.

## II. ANALYSIS

### A. AMENDMENT OF SENTENCE

Defendant first argues that the sentence imposed in his original judgment of sentence was invalid, and thus, Chief Judge Hill-Kennedy's amendment impermissibly modified an invalid sentence without complying with the requirements of MCR 6.435(B). We disagree.

We review de novo the interpretation of statutes and court rules. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011). We also review de novo constitutional issues. *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018). For preserved constitutional issues, we must decide if the error was harmless. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

Despite Judge Nichols' erroneous statements, defendant's original judgment of sentence was valid and stated that defendant was sentenced to serve 5 to 15 years' imprisonment. The Michigan Supreme Court has held that a sentence may be considered invalid if the trial court imposed it while laboring under a misconception of law. *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981). For example, in *People v Comer*, 500 Mich 278, 292; 901 NW2d

553 (2017), the trial court acted under a misconception of law when it sentenced the defendant to prison for a CSC-II conviction without imposing mandatory lifetime electronic monitoring.

Relevant here, MCL 769.8 provides that a criminal defendant who is convicted of a felony for the first time must serve an indeterminate term of imprisonment, with the minimum term fixed by the court and the maximum term set by statute. Prisoners serving an indeterminate sentence fall within the jurisdiction of the parole board for discharge once their minimum sentence has been served. MCL 791.234. Therefore, Judge Nichols had no authority to order that defendant be discharged from prison after his minimum sentence was served—although he could make such a *recommendation* as he did under paragraph 12 of the judgment of sentence—because defendant's maximum sentence fell within the jurisdiction of the parole board. And erroneous statements by Judge Nichols do not render the sentence invalid because unlike in *Comer*, the judgment of sentence correctly states that defendant was sentenced to serve an indeterminate term of 5 to 15 years' imprisonment. It is well established that "a court speaks through its written orders and judgments, not through its oral pronouncements." *Tomasik v State*, 327 Mich App 660, 678; 935 NW2d 369 (2019) (quotation marks and citation omitted). Therefore, Judge Nichols' erroneous statements did not render defendant's sentence invalid.

Because the original judgment of sentence was valid, Chief Judge Hill-Kennedy's clarifying amendment was a clerical correction, rather than a substantive amendment. MCR 6.435(B) provides for the correction of substantive mistakes:

> After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

By comparison, MCR 6.435(A) provides for the correction of clerical mistakes:

> Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

In *Comer*, the defendant pleaded guilty to CSC-I and second-degree home invasion, but was never advised that his sentence was subject to lifetime electronic monitoring. *Comer*, 500 Mich at 283-284. Our Supreme Court determined that the trial court's mistake was substantive, not clerical; thus, the trial court could not amend the judgment of sentence on its own initiative after the judgment was entered. *Id.* at 293-294, 299. By contrast, in this case, defendant was fully informed that his sentence included a statutory maximum of 15 years' imprisonment—as plainly stated on the original judgment of sentence. Therefore, Chief Judge Hill-Kennedy's clarifying amendment to paragraph 12 of the judgment of sentence, labeled "Court recommendation," was not a substantive change to defendant's sentence. It was merely a clerical correction and MCR 6.435(B) does not apply. Nevertheless, for the reason discussed below, the amended judgment of sentence is vacated.

## B. JUDICIAL ASSIGNMENT

Defendant also argues that Chief Judge Hill-Kennedy deprived him of due process by presiding over defendant's case because he did not properly reassign the case to himself and did not provide notice to defendant. We agree.

We review de novo the interpretation of statues and court rules, *Lee*, 489 Mich at 295, and constitutional issues, *Wiley*, 324 Mich App at 150. For preserved constitutional issues, we must decide if the error was harmless. *Carines*, 460 Mich at 774.

MCR 8.111 provides, in relevant part:

(B) Assignment. All cases must be assigned by lot, unless a different system has been adopted by local court administrative order under the provisions of subrule 8.112. . . .

(C) Reassignment.

(1) If a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason. To the extent feasible, the alternate judge should be selected by lot. The chief judge shall file the order with the trial court clerk and have the clerk notify the attorneys of record. The chief judge may also designate a judge to act temporarily until a case is reassigned or during a temporary absence of a judge to whom a case has been assigned.

Judge Nichols retired during defendant's incarceration and was replaced by Judge Kimberley Booher. However, Chief Judge Hill-Kennedy sua sponte entered an amended judgment of sentence—and presided over defendant's postjudgment motion to vacate it—with no record that the case was formally reassigned to him. Judge Nichols' retirement was good cause that he could not undertake the assigned case. "However, in the absence of a proper reassignment order under MCR 8.111, the case[] remained assigned to the circuit judge[] to whom [it was] first assigned." *Schell v Baker Furniture Co*, 461 Mich 502, 515; 607 NW2d 358 (2000). Thus, until the case was reassigned by a written order, it remained assigned to Judge Nichols. See *id*. And, generally, only a judge assigned to a case in accordance with the court rules can enter dispositive orders in a case. *Id*.; see also *Tingley v Kortz*, 262 Mich App 583, 588-589; 688 NW2d 291 (2004). Accordingly, Chief Judge Hill-Kennedy should not have entered an amended judgment of sentence in this matter. "[A]dherence to the approach set forth in MCR 8.111 enhances personal judicial accountability and assures litigants that rulings are made by a judge who is familiar with the substance and circumstances of each case." *Schell*, 461 Mich at 515. Therefore, the amended judgment of sentence is vacated and the original judgment of sentence is reinstated. Defendant remains subject to the statutory maximum term of 15 years' imprisonment. Whether defendant served that maximum term was solely within the discretion of the parole board pursuant to MCL 791.234.

The amended judgment of sentence is vacated, and we remand this matter for a proper judicial assignment for the purpose of correcting the judgment of sentence. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron