*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN J. RIEMAN,

Plaintiff-Appellant,

v

KENDALL W. RIEMAN,

Defendant-Appellee.

UNPUBLISHED
September 19, 2025
1:58 PM

No. 373023
Tuscola Circuit Court
LC No. 19-030597-CK

Before: WALLACE, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

This is a breach of contract action involving the parties' real estate development partnership. Plaintiff, Kevin J. Rieman, a former Michigan attorney acting *in propia persona*, appeals as of right from the trial court's May 2, 2024 order dismissing his action against his brother, defendant Kendall Rieman, as a sanction following his failure to appear for a mandatory pretrial settlement conference despite notice of same being mailed to him on January 19, 2023 and August 23, 2023. We vacate the order of dismissal and remand for further proceedings consistent with this opinion.

## I. RELEVANT FACTS

### A. FACTUAL BASIS UNDERLYING THE LITIGATION

This Court's decision on remand from the Michigan Supreme Court, *Rieman v Rieman (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued May 11, 2023 (Docket No. 352197) (*Rieman II*), provides a concise summary of the factual basis underlying this litigation:

> The parties are brothers with a past history of developing real property through informal oral agreements to equally share expenses and income from their real estate ventures. They agreed to invest in, develop, use for recreational purposes, and transfer real estate interests to third parties for profit. They purchased property in Tuscola County, Huron County, and Kalkaska County from 1996 to 2018. Plaintiff described "borrowing" transactions between himself and defendant

-1-

between 2015 and 2017. The details of these transactions are complex, but they generally involved one brother "borrowing" the other brother's half-share of a property and paying him back out of his share of the first proceeds from any sale to a third party. In 2015, plaintiff and his wife executed a warranty deed transferring their interest in the Tuscola County property to defendant and his wife in consideration for defendant's forgiveness of plaintiff's loan balance and additional payment. The warranty deed described the transferred interest of the real property as free and clear of all liens and encumbrances. Defendant sold the Tuscola County property to J & L Gremel Farms, LLC in 2018. Plaintiff claimed that the parties had an oral agreement to exchange part of plaintiff's alleged interest in the Huron County property for part of defendant's interest in the Tuscola County property, also known as Colwood Farm. Defendant denied having any oral agreement with plaintiff allowing plaintiff to have an interest in the Tuscola County property following the execution of the warranty deed and a purchase agreement. [*Id.* at 1-2.]

## B. PROCEDURAL HISTORY

Plaintiff brought this action for breach of oral contract and related wrongs arising from an alleged joint venture agreement to share income and proceeds from the sale of Colwood Farm. "The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) on the ground that plaintiff could not enforce an oral agreement to distribute income from real property" based upon the statute of frauds. *Id*. at 1. This Court affirmed the trial court's order. *Rieman v Rieman*, unpublished per curiam opinion of the Court of Appeals, issued November 18, 2021 (Docket No. 352197), pp 1, 4, rev'd in part 985 NW2d 828 (2023).

Plaintiff applied for leave to appeal to our Supreme Court, and, in lieu of granting leave, the Michigan Supreme Court reversed

> that part of the judgment of the Court of Appeals finding that the plaintiff's claims were barred by the statute of frauds. The alleged oral agreement purports only to address profits from sale proceeds generated from real estate transactions, as opposed to creating or transferring an interest in the real estate itself. [*Rieman v Rieman*, ___ Mich ___, ___; 985 NW2d 828 (2023) (Docket No. 164081); slip op at 1.]

It further remanded the case to this Court "for consideration of whether a question of fact exists as to whether the parties had a post-2015 sale oral agreement." *Rieman*, ___ Mich at ___; slip op at 1. It denied leave to appeal "[i]n all other respects." *Id*.

On remand, this Court reviewed the lower court record to determine whether any evidence supported the existence of a post-2015 oral agreement as to the proceeds of the sale of the Colwood Farm. *Rieman II*, unpub op at 3. It noted:

> Plaintiff's proofs in support of a joint venture agreement that remained in effect after the 2015 conveyance consisted of his sworn statements in an affidavit

-2-

and e-mail printouts referencing the alleged agreement. Plaintiff's own statements in the e-mail referred to the property as "*our* Colwood farm." He stated his intent "to maximize my return from this investment at this time." Defendant's response stated, "it would be fair to say that the amounts you have received for your interest in the farm are detailed on the settlement statement," which defendant calculated at a value of $98,700. This statement indirectly suggested that defendant believed that plaintiff's 2015 conveyance extinguished plaintiff's interest. However, defendant stated in his November 23, 2018 e-mail that he was "willing to pay [plaintiff] to do the work to get the property sold." This statement indirectly suggested that defendant believed that plaintiff still had an interest in the property. Plaintiff stated in his affidavit that he and defendant agreed that plaintiff "would continue to share equally in future recovery from the Colwood Farm investment property." This statement supported plaintiff's allegation of a continuing interest. [*Id*.]

In light of this evidence, this Court found on remand that "on the present record, plaintiff established a genuine issue of material fact that he and defendant had an oral agreement to share proceeds and income from the Tuscola County property that remained in effect after plaintiff's 2015 conveyance."[1] *Id*. We further found:

> Defendant did not anticipate that the Supreme Court would hold that oral joint venture agreements regarding income from real property were not barred by the statute of frauds. Likewise, plaintiff's response did not directly address arguments other than the statute of frauds issue. Therefore, defendant should have the opportunity to again move for summary disposition if defendant believes that plaintiff cannot establish a genuine issue of material fact that the parties had an oral joint venture agreement that survived the 2015 conveyance. [*Id*. at 4.]

On this basis, this Court "remanded for further proceedings in which defendant is not precluded from moving for summary disposition on the ground that there is no genuine issue of material fact regarding plaintiff's claim of an enforceable oral contract." *Id*.

---

[1] Defendant contends in their Brief on Appeal that the November 23, 2018 email contains the heading "Colwood Farm Settlement Offer," that a review of it indicates that it was an attempt to settle the plaintiffs disputed claims, and pursuant to MRE 408, such evidence is not admissible to prove liability or invalidity of a claim. On the contrary, the email contains the heading "RE: Colwood Farm Settlement Offer," such that it appears to be an email in response to a settlement offer. In any event, *defendant himself* submitted this email as an exhibit in support of his motion for summary disposition, such that he should not be heard to complain of its consideration. Further still, this Court's consideration of this email on remand as demonstrating a genuine issue of material fact as to the existence of an oral joint venture agreement that survived the 2015 conveyance of the Colwood Farm is the law of the case and we will accordingly not revisit it. *Cipriano v Cipriano*, 289 Mich App 361, 375; 808 NW2d 230 (2010) ("The law-of-the-case doctrine holds that an appellate court's ruling on a particular issue binds the appellate court and all lower tribunals with respect to that issue.").

## C. TRIAL COURT PROCEEDINGS ON REMAND

Upon this case's return to the trial court, it entered an August 23, 2023 scheduling conference order that, among other matters, provided notice of a pretrial settlement conference being set for April 24, 2024 at 10:00 a.m. The order further provides that "CLIENTS, INCLUDING INSURANCE REPRESENTATIVES WITH AUTHORITY TO SETTLE, SHALL BE PRESENT AT THE SETTLEMENT PRETRIAL CONFERENCE AND FINAL SETTLEMENT CONFERENCE, unless expressly waived IN WRITING by order of the Judge." The order includes a proof of service indicating that it was mailed to all counsel of record or parties via first class mail on August 23, 2023. In addition, separate notices to appear, directing appearance on April 24, 2024 at 10:00 a.m. for a pretrial settlement conference, were mailed on August 23, 2024 and January 19, 2024. The proof of service for these notices included certificates of mailing indicating that defense counsel and plaintiff were serve at their addresses via mail on their dates of issuance. The August 23, 2023 and January 19, 2024 notices served on defense counsel and plaintiff provide, under the bold-face heading "IMPORTANT: READ THIS CAREFULLY": "FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case." [2]

Defendant filed a motion for protective order and motion to quash, which resulted in the trial court entering an order limiting discovery to matters pertaining to any post-June 2015 oral contract in light of the fact that Michigan Supreme Court's March 10, 2023 order "clearly provides that the only issue remaining in this case is whether or not the parties had a post-2015 sale oral agreement and in all other respects, [p]laintiff's appeal of this Court's summary disposition has been DENIED." Plaintiff filed a motion for reconsideration of this order contending the trial court was "obviously confused and misled by [d]efense counsel" and suggesting the trial court would be "the subject of substantial ridicule with serious concerns raised about competency to even serve on the bench if the Court of Appeals has to explain to this court that it previously completely reversed the court's prior grant of summary [disposition] in favor of [defendant]." The trial court denied the motion for reconsideration without comment as to the clearly disrespectful nature of plaintiff's comments.

On April 24, 2024, the date set and repeatedly noticed for a pretrial settlement conference, a visiting trial judge, sitting by assignment, called the case at 9:59 a.m. Defense counsel noted that the pro se plaintiff was not present. Notably, neither defendant nor the insurance representative for the defense were present and defense counsel represented: "I called the Court probably two weeks ago to confirm that because this was an in chamber settlement conference was it necessary for my client to come up from Ohio or the insurance person and I was told no." The failure of defendant to appear, as well as defendant's failure to ensure that an insurance representative appeared violated the August 23, 2023 scheduling conference order's requirement

---

[2] Defendant includes a copy of the January 19, 2024 notice of hearing served on its trial counsel with its appendix, and the trial court in its written order of dismissal quotes this language from the notices, but copies of the notices of hearing themselves do not appear to be part of the lower court record (the record contains only a copy of the proof of service for those notices).

that those persons be present "unless expressly waived IN WRITING by order of the Judge."  The visiting judge recessed the matter for fifteen minutes to allow for plaintiff to appear.

Going back on the record at 10:15 a.m., defense counsel noted plaintiff had neither appeared nor called.  There is no indication in the record that anyone endeavored to contact the plaintiff.  The visiting judge confirmed that this was a court-ordered pretrial settlement conference and asked defense counsel if he was requesting a dismissal.  Defense counsel noted that he had a motion for summary disposition pending and that "it's up to the court's discretion whether or not I get the case thrown out on my motion or get the case thrown out . . . because he doesn't appear."  Whereupon the court recited the language of MCR 2.401(G)(1) and held that, based upon plaintiff's failure to attend the scheduled conference, he was dismissing the complaint pursuant to MCR 2.504(B).  The record does not contain a review of the history of the case or of any other factors in evaluation of whether the severe sanction of dismissal was appropriate.  The trial court judge assigned to the case (as opposed to the visiting judge) thereafter entered a May 2, 2024 order of dismissal pursuant to MCR 2.504(B)(1) and (3) based upon:

- notice of the pretrial settlement conference being served upon the parties on both August 23, 2023 and January 19, 2024;

- the notice providing, under the legend "IMPORTANT: READ THIS CAREFULLY," that "Failure of the plaintiff to appear may result in a dismissal of the case"; and

- the finding that "[p]laintiff did not appear for the mandatory Pretrial Settlement Conference."

Plaintiff filed a May 23, 2024 motion to set aside order of dismissal that was denied by opinion and order on July 24, 2024.  He attested via affidavit that he: received no prior actual notice of the scheduled pretrial settlement conference; has diligently, vigorously prosecuted the case for over 5 years, including appeals to this Court and Michigan Supreme Court, and would never knowingly miss any scheduled event or appearance; has attended every other scheduled event in the case (and was only late to one defense discovery motion hearing due to a transportation problem, and he called the court to explain his delay); incurred significant expenses in litigating the matter; received a favorable case evaluation award; would incur the loss of the value the case and offer of judgment sanctions should the dismissal be upheld; and upon receiving an email from defense counsel regarding the proposed order of dismissal he immediately contacted the court in an effort to explain himself and rectify the situation.

Plaintiff's motion also included the affidavit of Renee VanSumeren, who attested, among other things, that: she is in a dating relationship with plaintiff, who frequently stays at her home, and who has used her home address as his mailing address for this case; that her arrangement with plaintiff is to immediately open his mail upon receipt to determine whether it involves appearance dates, and if it does, to immediately convey those dates to plaintiff, who enters them into his phone "reminder system"; she then places the mailed items in plaintiff's incoming mail folder in his office at her home, and after his review they are placed in his physical file; she has "handled hundreds of scheduled appearance dates for Kevin Rieman that have arrived in the mail in the same manner, and he has never previously missed a scheduled appearance date on this or any other matter"; "[t]here has never been a notice received in the mail at my home address scheduling a

-5-

pretrial settlement conference in this case that required Kevin Rieman's appearance on April 24, 2024," and neither she nor plaintiff were aware of the scheduled conference until defense counsel's email with a proposed order dismissing the case was received the following day; and in October 2023 she failed to receive an item of mail (unrelated to this case) that she was expecting and that the sender confirmed having mailed to her home.

In plaintiff's motion to set aside the order of default, he argued that the remedy for his absence should be something other than dismissal, which would result in manifest injustice, and that his absence was not the result of culpable negligence. Additionally, plaintiff's brief purported to quote a nonexhaustive list of factors to be considered in determining whether dismissal is an appropriate sanction from *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990), and argued "a visiting judge may not make a ruling to dismiss the case as a sanction, and the ruling must be made by the assigned judge after considering the relevant factors on the record, citing *Schell v Baker Furniture Co*, 461 Mich 502; 607 NW2d 358 (2000).

In response, the defense claimed that on multiple occasions it had to move to compel answers to discovery requests in order to prepare its motion for summary disposition without further explanation or citation to the record.[3] The defense claimed plaintiff's position was not credible and that it defies logic that, despite the notice of mandatory pretrial settlement conference having been mailed to the address plaintiff provided to the court two separate times, five months apart, on August 23, 2023 and January 19, 2023, that *both* of these mailings were somehow not delivered, despite no other indication of an ongoing issue with mail delivery. It further noted that the trial court entered an order granting defendant's motion to compel appellate surety bond that found plaintiff's case was frivolous and vexatious.[4] The defense additionally contended plaintiff misinterprets the *Schell* decision, which does not address the authority of a visiting judge and is distinguished. Defense counsel asserted plaintiff's representations to the trial and appellate courts in this case additionally "challenged credibility," where he claims he has expended thousands of dollars prosecuting this case, yet he's representing himself *in propia persona* and has represented that he's indigent and received waiver of filing fees on his appeals in this case." Defense counsel also asserted that plaintiff has been disrespectful to him and the trial court.

Oral argument on plaintiff's motion to set aside the dismissal occurred before the same visiting judge that presided over the pretrial settlement conference. Following the parties' argument, that judge took the matter under advisement and subsequently issued an opinion and order denying plaintiff's motion.

In its opinion and order, the trial court quoted *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995), for seven "factors a court should consider before imposing the sanction of

---

[3] Further, at the motion hearing, defense counsel recounted to the visiting judge a motion hearing before the assigned judge where plaintiff indicated he emailed a response to a motion at 5:00 a.m. on the day of the hearing, without identifying the specific motion or date this occurred.

[4] However, that finding is now moot. See *Rieman*, ___ Mich at ___; slip op at 1; *Rieman II*, unpub op at 4.

dismissal," purported to evaluate each of them based upon the facts of this case, and found each of them favor dismissal, noting in conclusion:

> An analysis of the *Vicencio* factors reveals that Plaintiff's non-compliance was willful, there is a history of deliberate delay, Defendant has suffered significant prejudice, and Plaintiff has failed to cure the defect. Given these considerations, along with the inadequacy of lesser sanctions, the Court finds that dismissal is a just and proper remedy in this case. Accordingly, Plaintiff's Motion to Set Aside the Order of Dismissal is denied.

Plaintiff filed an August 14, 2024 motion for reconsideration that the trial court denied in an October 2, 2024 order. This timely appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's dismissal of a case for plaintiff's failure to comply with its orders for an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Id.* (quotation marks and citation omitted). "[W]hen the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Id.* (quotation marks and citation omitted).

Whether a trial court has properly followed an appellate court's remand order is reviewed de novo as a question of law. *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). The application of the law of the case doctrine is also a question of law subject to de novo review. *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013).

## III. APPLICABLE LAW

MCR 2.401(G), entitled "Failure to Attend or to Participate," provides:

(1) Failure of a party or the party's attorney or other representative to attend a scheduled conference or to have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

(2) The court shall excuse a failure to attend a conference or to participate as directed by the court, and shall enter a just order other than one of default or dismissal, if the court finds that

(a) entry of an order of default or dismissal would cause manifest injustice; or

(b) the failure was not due to the culpable negligence of the party or the party's attorney.

The court may condition the order on the payment by the offending party or attorney of reasonable expenses as provided in MCR 2.313(B)(2).

Subsections (1) and (3) of MCR 2.504(B), which is entitled "Voluntary Dismissal; Effect," provide:

(1) If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.

\* \* \*

(3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

"Dismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. The *Vicencio* Court provided a non-exhaustive list of the factors a court should consider before imposing the sanction of dismissal:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507, citing *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

Notably, plaintiff's brief on appeal instead purports to quote the non-exhaustive list of factors from the *Dean* decision that *Vicencio* cited as its authority. In *Dean*, a medical malpractice case, the plaintiff was purported to have inadvertently failed to file a timely witness list pursuant to a pretrial conference order. The trial court denied the plaintiff's motion for an extended deadline to file the list and granted summary disposition in light of the plaintiff being unable to present expert testimony as a result. *Dean*, 182 Mich App at 29. The list in *Dean* comprised eight factors, and is identical to the *Vicencio* list, except it inserted the following as a fourth factor (between the third and fourth factors in the *Vicencio* list): "actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice." *Id*. at 32-33. Plaintiff's Brief on Appeal misquotes the *Dean* list, inaccurately claiming its fourth factor is "actual notice to the plaintiff." Whether plaintiff had actual notice of the pretrial settlement conference date would already be considered in the context of the first factor, "whether the violation was willful or accidental."

## IV. DISMISSAL OF PLAINTIFF'S ACTION

Plaintiff argues that, although the visiting judge eventually addressed these factors in his opinion and order denying plaintiff's motion to set aside the order of dismissal, no actual facts

from the record were cited in support of the court's uniform determination of those factors in favor of dismissal, and instead mere conclusions were recited as to those factors for the drastic sanction of dismissal, which was accordingly not a reasonable or principled outcome.

The trial court found the following in its evaluation of the seven *Vicencio* factors:

The first factor considers whether the violation was willful or accidental. Plaintiff asserts that he did not receive actual notice of the Pretrial Settlement Conference, arguing this was an accidental oversight. However, Defendant presents evidence that notices were sent on two separate occasions. Given that Plaintiff has received all other notices by mail, it appears unlikely that this particular notice was not received. Thus, the Court finds that the failure to attend was more likely willful than accidental.

The second factor examines the party's history of non-compliance. Plaintiff argues that he has not previously failed to appear for any scheduled date in over five years. However, the history of the case indicates multiple instances where Plaintiff's actions have caused delays, including the need for Defendant to seek multiple motions for summary disposition. This suggests a pattern of behavior that aligns with non-compliance.

The third factor assesses the prejudice suffered by the opposing party. Defendant argues that Plaintiffs absence has caused significant prejudice, including delays in resolving the matter and added litigation costs. The failure to appear at a crucial pretrial conference hinders Defendant's ability to prepare adequately for trial and resolve the dispute efficiently. The Court finds that Defendant has suffered prejudice due to Plaintiff's non-compliance.

The fourth factor examines whether there is a history of deliberate delay. Plaintiff's actions throughout the case suggest a pattern of deliberate delay. Plaintiff's absence at the Pretrial Settlement Conference is consistent with this pattern.

The fifth factor considers the degree of compliance with other court orders. While Plaintiff claims consistent attendance over the past five years, the critical nature of the missed Pretrial Settlement Conference and the surrounding circumstances reflect a failure to comply with essential court orders. This non-compliance significantly impacts the case's progress.

The sixth factor evaluates attempts to cure the defect. Plaintiff has not provided a satisfactory explanation or sufficient evidence of attempts to cure the failure to appear. Merely stating that he did not receive notice does not adequately address the issue, particularly given the importance of the Pretrial Settlement Conference.

The seventh factor assesses whether a lesser sanction would better serve the interests of justice. Plaintiff argues for a lesser sanction but given the consistent pattern of non-compliance and the prejudice suffered by Defendant, the Court finds

that lesser sanctions would not effectively address the issue. The repeated failures and the willful nature of the non-compliance necessitate a stronger response to uphold the integrity of the judicial process.

Based on the foregoing, the trial court found dismissal was "a just and proper remedy," and therefore denied plaintiff's motion to set aside the order of dismissal.

Cogent arguments can be made that the trial court was incorrect or abused its discretion in reaching the above referenced conclusions, which were arguably conclusory and/or not supported by the record; however, we are convinced that, even if the factors were analyzed correctly, the remedy selected by the trial court was not appropriate given the lengthy period of time the case has been litigated, the steady and committed prosecution of the claims by plaintiff in the trial court, the Court of Appeals, and the Supreme Court, and the absence of any pattern of disregard of the court's prior orders.

## V. DETERMINATION OF THE EFFECT OF THE SUPREME COURT AND COURT OF APPEALS REMAND ORDERS

Plaintiff additionally argues that, with the preceding appellate decisions in this litigation, the trial court order of summary disposition was reversed, and plaintiff's entire case was returned to the trial court for a decision on the merits. We disagree.

In lieu of granting the application for leave to appeal, the Michigan Supreme Court reversed

that part of the judgment of the Court of Appeals finding that the plaintiff's claims were barred by the statute of frauds. The alleged oral agreement purports only to address profits from sale proceeds generated from real estate transactions, as opposed to creating or transferring an interest in the real estate itself. [*Rieman v Rieman*, ___ Mich ___, ___; 985 NW2d 828 (2023) (Docket No. 164081); slip op at 1.]

It further remanded the case to this Court "for consideration of whether a question of fact exists as to whether the parties had a post-2015 sale oral agreement." *Rieman*, ___ Mich at ___; slip op at 1. It denied leave to appeal "[i]n all other respects." *Id*. In other words, the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10), that this Court affirmed in an unpublished opinion, remains in place, except to the limited extent that this Court, on remand, found a question of fact as to whether the parties had a post-2015 oral agreement for splitting the proceeds of the sale of the Colwood Farm, Tuscola County property.

On remand, this Court found that, on a preliminary basis, plaintiff established "a genuine issue of material fact that he and defendant had an oral agreement to share proceeds and income from the Tuscola County property that remained in effect after plaintiff's 2015 conveyance." *Rieman II*, unpub op at 3. On this limited basis, this Court "remanded for further proceedings in which defendant is not precluded from moving for summary disposition on the ground that there is no genuine issue of material fact regarding plaintiff's claim of an enforceable oral contract." *Id*. at 4.

-10-

Contrary to plaintiff's argument, the plain language of the appellate court decisions establish that the proceedings on remand to the trial court are limited to plaintiff's claim for defendant's breach of any oral agreement for splitting the proceeds of the sale of the Colwood Farm, Tuscola County property that survived the parties' 2015 execution of the warranty deed and a purchase agreement for that real property. Otherwise, plaintiff's application for leave to appeal to the Supreme Court was denied and this Court's November 18, 2021 unpublished opinion affirming the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) is the law of the case.

## VI. CONCLUSION

We determine that dismissal was too severe and vacate the order of dismissal. We remand the case to the trial court for a determination of what sanction, short of complete dismissal, should be imposed for plaintiff not attending the mandatory settlement conference on April 24, 2024. Upon resolution of the sanctions issue, the trial court may proceed with the case in such manner as it best deems appropriate and in accordance with Michigan law and the law of the case. We do not retain jurisdiction.

/s/ Randy J. Wallace
/s/ Michael J. Riordan
/s/ James Robert Redford

-11-